# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERICSSON INC., and<br>TELEFONAKTIEBOLAGET LM ERICSSON<br>Plaintiffs-Counterclaim Defendants,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., *et al*,<br><br>Defendants-Counterclaim Plaintiffs. | CIVIL ACTION NO. 6:12-cv-894<br><br>JURY TRIAL DEMANDED |

**DEFENDANT SAMSUNG'S RESPONSE TO ERICSSON'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SAMSUNG'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC[1] (individually and collectively "Samsung"), by and through their attorneys, hereby answer Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson's (collectively "Ericsson" or "Plaintiff") Answer, Affirmative Defenses and Counterclaims to Samsung's First Amended Answer, Affirmative Defenses and Counterclaims ("Ericsson's Counterclaims"), filed on April 22, 2013.

**GENERAL DENIAL**

Samsung denies the allegations in Ericsson's Counterclaims unless expressly admitted in the following paragraphs.

[1] Ericsson also purports to assert claims against Samsung Telecommunications America LLP. However, Samsung Telecommunications America LLP does not exist. Thus, Samsung denies any and all allegations asserted as to Samsung Telecommunications America LLP.

## BACKGROUND

1. Samsung repeats and incorporates by reference its responses to Ericsson's allegations as set forth in paragraphs 1-10 of Samsung's Answer, Affirmative Defenses and Counterclaims to Ericsson's First Amended Complaint for Patent Infringement, dated March 18, 2013 ("Samsung's Answer").

## ERICSSON

2. Samsung repeats and incorporates by reference its responses to Ericsson's allegations as set forth in paragraphs 11-14 of Samsung's Answer.

## THE DEFENDANTS

3. Samsung repeats and incorporates by reference its responses to Ericsson's allegations as set forth in paragraphs 15-17 of Samsung's Answer.

4. Samsung admits that Samsung Telecommunications America, LLC is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082. Samsung further admits that Samsung Telecommunications' business includes importing, marketing, selling, and/or offering for sale telephones, base stations and other devices in the United States, including within this District, but not necessarily directed purposefully or solely at this District. Samsung denies that Samsung Telecommunications America, LLC manufactures telephones, base stations, televisions, computers, Blu-ray players, cameras, and other devices. Samsung further admits that Samsung Telecommunications America, LLC has a registered agent in Texas, and that this agent is Corporation Service Company dba CSC – Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Samsung denies the remaining allegations of paragraph 4 of Ericsson's Counterclaims.

## JURISDICTION AND VENUE

5. Samsung repeats and incorporates by reference its responses to Ericsson's allegations as set forth in paragraphs 18-20 of Samsung's Answer.

6. Samsung admits that Ericsson's allegations of patent infringement purport to arise under Title 35 of the United States Code, but denies that such allegations are meritorious.

7. Samsung admits that, for the purposes of this action only, this Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and/or 2202. Samsung admits that venue is permissible, for purposes of this action only, under 28 U.S.C. §§ 1391 and 1400, but denies that venue is proper or convenient.

8. For purposes of this action only, Samsung does not contest personal jurisdiction. Samsung denies the remaining allegations of paragraph 8 of Ericsson's Counterclaims.

## THE PATENTS

9. Samsung repeats and incorporates by reference its responses to Ericsson's allegations as set forth in paragraphs 21-31 of Samsung's Answer.

10. Samsung admits that United States Patent No. 6,029,125 ("the '125 patent"), entitled "Reducing Sparseness In Coded Speech Signals," issued on February 22, 2000. Samsung further admits that, on its face, the '125 patent lists Roar Hagen, Björn Stig, Erik Johansson, Erik Ekudden, and Willem Baastian Kleijn as inventors. Samsung denies that the '125 patent was "duly and legally" issued. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of Ericsson's Counterclaims, and therefore denies those allegations.

11. Samsung admits that United States Patent No. 6,031,832 ("the '832 patent"), entitled "Method And Apparatus for Improving Performance Of A Packet Communications

System," issued on February 29, 2000. Samsung further admits that, on its face, the '832 patent lists Dalibor Turina as the inventor. Samsung denies that the '832 patent was "duly and legally" issued. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of Ericsson's Counterclaims, and therefore denies those allegations.

12. Samsung admits that United States Patent No. 6,070,078 ("the '078 patent"), entitled "Reduced Global Positioning System Receiver Code Shift Search Space For A Cellular Telephone System," issued on May 30, 2000. Samsung further admits that, on its face, the '078 patent lists William O. Camp, Jr., Pambiz Zangi, and Rajaram Ramesh as inventors. Samsung denies that the '078 patent was "duly and legally" issued. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of Ericsson's Counterclaims, and therefore denies those allegations.

13. Samsung admits that United States Patent No. 6,418,130 ("the '130 patent"), entitled "Reuse of Security Associations For Improving Hand-Over Performance," issued on July 9, 2002. Samsung further admits that, on its face, the '130 patent lists Yi Cheng, Lars Björup, Martin Jakob Rinman, and Karl Dan Gustav Jerrestam as inventors. Samsung denies that the '130 patent was "duly and legally" issued. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of Ericsson's Counterclaims, and therefore denies those allegations.

14. Samsung admits that United States Patent No. 7,149,510 ("the '510 patent"), entitled "Security Access Manager In Middleware," issued on December 12, 2006. Samsung further admits that, on its face, the '510 patent lists Jonas Hansson and Björn Bjäre as inventors. Samsung denies that the '510 patent was "duly and legally" issued. Samsung is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of Ericsson's Counterclaims, and therefore denies those allegations.

15. Samsung admits that United States Patent No. 7,286,823 ("the '823 patent"), entitled "Mobile Multimedia Engine," issued on October 23, 2007. Samsung further admits that, on its face, the '823 patent lists Mikael Reinholdsson, Erik Ledfelt, and Johan Svenér as inventors. Samsung denies that the '823 patent was "duly and legally" issued. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of Ericsson's Counterclaims, and therefore denies those allegations.

16. Samsung admits that United States Patent No. 8,023,990 ("the '990 patent"), entitled "Uplink Scheduling In A Cellular System," issued on September 20, 2011. Samsung further admits that, on its face, the '990 patent lists Stefan Parkvall as the inventor. Samsung denies that the '990 patent was "duly and legally" issued. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of Ericsson's Counterclaims, and therefore denies those allegations.

17. Samsung denies that United States Patent No. 8,214,710 ("the '710 patent"), is entitled "Uplink Scheduling In A Cellular System." Samsung admits that the '710 patent bears an issue date of July 3, 2012. Samsung further admits that, on its face, the '710 patent lists Mats Fredrik Sågfors and Per Johan Torsner as inventors. Samsung denies that the '710 patent was "duly and legally" issued. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of Ericsson's Counterclaims, and therefore denies those allegations.

## FACTUAL BACKGROUND

18. Samsung repeats and incorporates by reference its responses to Ericsson's allegations as set forth in paragraphs 32-34 of Samsung's Answer.

19. The allegations of paragraph 19 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the allegations and characterizations of paragraph 19 of Ericsson's Counterclaims.

20. Samsung denies the allegations of paragraph 20 of Ericsson's Counterclaims.

21. Samsung denies the allegations of paragraph 21 of Ericsson's Counterclaims.

## ANSWERS TO ERICSSON'S COUNTERCLAIMS

### Ericsson Counterclaim Counts 1-11:

22. Samsung repeats and incorporates by reference the responses in paragraphs 1-21 above as though fully set forth herein. Samsung repeats and incorporates its responses to Ericsson's allegations as set forth in paragraphs 35-67 of Samsung's Answer.

### Ericsson Counterclaim Count 12:<br>Claim for Patent Infringement of U.S. Patent No. 6,029,125

23. Samsung repeats and incorporates by reference the responses in paragraphs 1-21 above as though fully set forth herein.

24. Samsung denies the allegations of paragraph 24 of Ericsson's Counterclaims.

25. Samsung admits that it has been licensed under the '125 patent and has been the beneficiary of a covenant not to sue on the '125 patent. Samsung denies any implication that it had the requisite knowledge or awareness of the '125 patent and/or any direct infringement of the '125 patent to cause any alleged indirect infringement or to have allegedly infringed willfully. Samsung denies all other allegations of paragraph 25 of Ericsson's Counterclaims.

**Ericsson Counterclaim Count 13:**
**Claim for Patent Infringement of U.S. Patent No. 6,031,832**

26. Samsung repeats and incorporates by reference the responses in paragraphs 1-21 above as though fully set forth herein.

27. Samsung denies the allegations of paragraph 27 of Ericsson's Counterclaims.

28. Samsung admits that it is has been licensed under the '832 patent and has been the beneficiary of a covenant not to sue on the '832 patent. Samsung denies any implication that it had the requisite knowledge or awareness of the '832 patent and/or any direct infringement of the '832 patent to cause any alleged indirect infringement or to have allegedly infringed willfully. Samsung denies all other allegations of paragraph 28 of Ericsson's Counterclaims.

**Ericsson Counterclaim Count 14:**
**Claim for Patent Infringement of U.S. Patent No. 6,070,078**

29. Samsung repeats and incorporates by reference the responses in paragraphs 1-21 above as though fully set forth herein.

30. Samsung denies the allegations of paragraph 30 of Ericsson's Counterclaims.

31. Samsung admits that it is has been licensed under the '078 patent and has been the beneficiary of a covenant not to sue on the '078 patent. Samsung denies any implication that it had the requisite knowledge or awareness of the '078 patent and/or any direct infringement of the '078 patent to cause any alleged indirect infringement or to have allegedly infringed willfully. Samsung denies all other allegations of paragraph 31 of Ericsson's Counterclaims.

**Ericsson Counterclaim Count 15:**
**Claim for Patent Infringement of U.S. Patent No. 6,418,130**

32. Samsung repeats and incorporates by reference the responses in paragraphs 1-21 above as though fully set forth herein.

33. Samsung denies the allegations of paragraph 33 of Ericsson's Counterclaims.

34. Samsung admits that it is has been licensed under the ’130 patent and has been the beneficiary of a covenant not to sue on the ’130 patent. Samsung denies any implication that it had the requisite knowledge or awareness of the ’130 patent and/or any direct infringement of the ’130 patent to cause any alleged indirect infringement or to have allegedly infringed willfully. Samsung denies all other allegations of paragraph 34 of Ericsson’s Counterclaims.

**Ericsson Counterclaim Count 16:**
**Claim for Patent Infringement of U.S. Patent No. 7,149,510**

35. Samsung repeats and incorporates by reference the responses in paragraphs 1-21 above as though fully set forth herein.

36. Samsung denies the allegations of paragraph 36 of Ericsson’s Counterclaims.

37. Samsung admits that it is has been licensed under the ’510 patent and has been the beneficiary of a covenant not to sue on the ’510 patent. Samsung denies any implication that it had the requisite knowledge or awareness of the ’510 patent and/or any direct infringement of the ’510 patent to cause any alleged indirect infringement or to have allegedly infringed willfully. Samsung denies all other allegations of paragraph 37 of Ericsson’s Counterclaims.

**Ericsson Counterclaim Count 17:**
**Claim for Patent Infringement of U.S. Patent No. 7,286,823**

38. Samsung repeats and incorporates by reference the responses in paragraphs 1-21 above as though fully set forth herein.

39. Samsung denies the allegations of paragraph 39 of Ericsson’s Counterclaims.

40. Samsung admits that it is has been licensed under the ’823 patent and has been the beneficiary of a covenant not to sue on the ’823 patent. Samsung denies any implication that it had the requisite knowledge or awareness of the ’823 patent and/or any direct infringement of the ’823 patent to cause any alleged indirect infringement or to have allegedly infringed willfully. Samsung denies all other allegations of paragraph 40 of Ericsson’s Counterclaims.

**Ericsson Counterclaim Count 18:**
**Claim for Patent Infringement of U.S. Patent No. 8,023,990**

41. Samsung repeats and incorporates by reference the responses in paragraphs 1-21 above as though fully set forth herein.

42. Samsung denies the allegations of paragraph 42 of Ericsson's Counterclaims.

43. Samsung denies any implication that it had the requisite knowledge or awareness of the '990 patent and/or any direct infringement of the '990 patent to cause any alleged indirect infringement or to have allegedly infringed willfully. Samsung denies all other allegations of paragraph 43 of Ericsson's Counterclaims.

**Ericsson Counterclaim Count 19:**
**Claim for Patent Infringement of U.S. Patent No. 8,214,710**

44. Samsung repeats and incorporates by reference the responses in paragraphs 1-21 above as though fully set forth herein.

45. Samsung denies the allegations of paragraph 45 of Ericsson's Counterclaims.

46. Samsung denies any implication that it had the requisite knowledge or awareness of the '710 patent and/or any direct infringement of the '710 patent to cause any alleged indirect infringement or to have allegedly infringed willfully. Samsung denies all other allegations of paragraph 46 of Ericsson's Counterclaims.

**Ericsson Counterclaim Count 20:**
**Breach of Contract**

47. Samsung denies the allegations of Ericsson's affirmative defense paragraphs 213-226. Further, in response to Ericsson repeating and realleging paragraphs 1-21 of Ericsson's Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-21 above as though fully set forth herein. The remaining allegations of paragraph 47 are too

generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 47 of Ericsson's Counterclaims.

48. Samsung admits that it has been a member of ETSI and 3GPP, and that ETSI and 3GPP are standards-setting organizations responsible for the standardization of information and communication technologies for the benefit of their members and third parties. Samsung denies the remaining allegations of paragraph 48 of Ericsson's Counterclaims.

49. The allegations of paragraph 49 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the allegations in paragraph 49 of Ericsson's Counterclaims.

50. Samsung denies the allegations of paragraph 50 of Ericsson's Counterclaims that are directed at Samsung. The remaining allegations of paragraph 50 of Ericsson's Counterclaims are too generalized, vague, and ambiguous to admit or deny, and therefore Samsung denies those allegations.

51. Samsung denies the allegations of paragraph 51 of Ericsson's Counterclaims.

52. Samsung denies the allegations of paragraph 52 of Ericsson's Counterclaims.

53. Samsung denies the allegations of paragraph 53 of Ericsson's Counterclaims.

54. Samsung denies the allegations of paragraph 54 of Ericsson's Counterclaims.

**Ericsson Counterclaim Count 21:**
**Equitable Estoppel**

55. Samsung denies the allegations of Ericsson's affirmative defense paragraphs 213-226. Further, in response to Ericsson repeating and realleging paragraphs 1-21 and 47-54 of Ericsson's Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-21 and 47-54 above as though fully set forth herein. The remaining allegations of paragraph 55 are too generalized, vague, and ambiguous to admit or deny. To the extent a

response is necessary, Samsung denies the remaining allegations in paragraph 55 of Ericsson's Counterclaims.

56. Samsung denies the allegations of paragraph 56 of Ericsson's Counterclaims.

57. Samsung denies the allegations of paragraph 57 of Ericsson's Counterclaims.

58. Samsung denies the allegations of paragraph 58 of Ericsson's Counterclaims.

59. Samsung denies the allegations of paragraph 59 of Ericsson's Counterclaims.

**Ericsson Counterclaim Count 22:**
**Promissory Estoppel**

60. Samsung denies the allegations of Ericsson's affirmative defense paragraphs 213-226. Further, in response to Ericsson repeating and realleging paragraphs 1-21 and 47-59 of Ericsson's Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-21 and 47-59 above as though fully set forth herein. The remaining allegations of paragraph 60 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 60 of Ericsson's Counterclaims.

61. Samsung denies the allegations of paragraph 61 of Ericsson's Counterclaims.

62. Samsung denies the allegations of paragraph 62 of Ericsson's Counterclaims.

63. Samsung denies the allegations of paragraph 63 of Ericsson's Counterclaims.

64. Samsung denies the allegations of paragraph 64 of Ericsson's Counterclaims.

65. Samsung denies the allegations of paragraph 65 of Ericsson's Counterclaims.

**Ericsson Counterclaim Count 23:**
**Declaratory Judgment that Ericsson is Licensed to Practice Samsung's Patents**

66. Samsung denies the allegations of Ericsson's affirmative defense paragraphs 213-226. Further, in response to Ericsson repeating and realleging paragraphs 1-21 and 47-65 of Ericsson's Counterclaims, Samsung repeats and incorporates by reference the responses in

paragraphs 1-21 and 47-65 above as though fully set forth herein. The remaining allegations of paragraph 66 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 66 of Ericsson's Counterclaims.

67. Samsung denies the allegations of paragraph 67 of Ericsson's Counterclaims.

68. Samsung denies the allegation that its rights are exhausted as to the Asserted Patents referenced in paragraph 68 of Ericsson's Counterclaims. The remaining allegations of paragraph 68 of Ericsson's Counterclaims are too generalized, vague, and ambiguous to admit or deny, and therefore Samsung denies those allegations.

69. Samsung denies the allegations of paragraph 69 of Ericsson's Counterclaims.

70. Samsung denies the allegations of paragraph 70 of Ericsson's Counterclaims.

71. Samsung denies the allegations directed at Samsung in paragraph 71 of Ericsson's Counterclaims. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71 of Ericsson's Counterclaims, and therefore denies those allegations.

72. Samsung denies the allegations of paragraph 72 of Ericsson's Counterclaims.

**Ericsson Counterclaim Count 24:**
**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of**
**U.S. Patent No. 6,617,929**

73. In response to Ericsson repeating and realleging paragraphs 1-72 of Ericsson's Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-72 above as though fully set forth herein. The remaining allegations of paragraph 73 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 73 of Ericsson's Counterclaims.

74. Samsung admits that it is asserting a claim against Ericsson for infringement of the ’929 patent. On information and belief, Samsung admits that a controversy exists between Samsung and Ericsson regarding the ’929 patent. Samsung denies the remainder of the allegations in paragraph 74 of Ericsson’s Counterclaims.

75. Samsung denies the allegations of paragraph 75 of Ericsson’s Counterclaims.

76. Samsung denies the allegations of paragraph 76 of Ericsson’s Counterclaims.

77. Samsung denies the allegations of paragraph 77 of Ericsson’s Counterclaims.

78. Samsung denies the allegations of paragraph 78 of Ericsson’s Counterclaims.

**Ericsson Counterclaim Count 25:**
**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of**
**U.S. Patent No. 6,767,813**

79. In response to Ericsson repeating and realleging paragraphs 1-72 of Ericsson’s Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-72 above as though fully set forth herein. The remaining allegations of paragraph 79 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 79 of Ericsson’s Counterclaims.

80. Samsung admits that it is asserting a claim against Ericsson for infringement of the ’813 patent. On information and belief, Samsung admits that a controversy exists between Samsung and Ericsson regarding the ’813 patent. Samsung denies the remainder of the allegations in paragraph 80 of Ericsson’s Counterclaims.

81. Samsung denies the allegations of paragraph 81 of Ericsson’s Counterclaims.

82. Samsung denies the allegations of paragraph 82 of Ericsson’s Counterclaims.

83. Samsung denies the allegations of paragraph 83 of Ericsson’s Counterclaims.

84. Samsung denies the allegations of paragraph 84 of Ericsson’s Counterclaims.

**Ericsson Counterclaim Count 26:**
**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of**
**U.S. Patent No. 6,865,682**

85. In response to Ericsson repeating and realleging paragraphs 1-72 of Ericsson's Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-72 above as though fully set forth herein. The remaining allegations of paragraph 85 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 85 of Ericsson's Counterclaims.

86. Samsung admits that it is asserting a claim against Ericsson for infringement of the '682 patent. On information and belief, Samsung admits that a controversy exists between Samsung and Ericsson regarding the '682 patent. Samsung denies the remainder of the allegations in paragraph 86 of Ericsson's Counterclaims.

87. Samsung denies the allegations of paragraph 87 of Ericsson's Counterclaims.

88. Samsung denies the allegations of paragraph 88 of Ericsson's Counterclaims.

89. Samsung denies the allegations of paragraph 89 of Ericsson's Counterclaims.

90. Samsung denies the allegations of paragraph 90 of Ericsson's Counterclaims.

**Ericsson Counterclaim Count 27:**
**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of**
**U.S. Patent No. 7,221,031**

91. In response to Ericsson repeating and realleging paragraphs 1-72 of Ericsson's Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-72 above as though fully set forth herein. The remaining allegations of paragraph 91 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 91 of Ericsson's Counterclaims.

92. Samsung admits that it is asserting a claim against Ericsson for infringement of the '031 patent. On information and belief, Samsung admits that a controversy exists between

Samsung and Ericsson regarding the ’031 patent. Samsung denies the remainder of the allegations in paragraph 92 of Ericsson’s Counterclaims.

93. Samsung denies the allegations of paragraph 93 of Ericsson’s Counterclaims.

94. Samsung denies the allegations of paragraph 94 of Ericsson’s Counterclaims.

95. Samsung denies the allegations of paragraph 95 of Ericsson’s Counterclaims.

96. Samsung denies the allegations of paragraph 96 of Ericsson’s Counterclaims.

**Ericsson Counterclaim Count 28:**
**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of**
**U.S. Patent No. 7,342,444**

97. In response to Ericsson repeating and realleging paragraphs 1-72 of Ericsson’s Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-72 above as though fully set forth herein. The remaining allegations of paragraph 97 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 97 of Ericsson’s Counterclaims.

98. Samsung admits that it is asserting a claim against Ericsson for infringement of the ’444 patent. On information and belief, Samsung admits that a controversy exists between Samsung and Ericsson regarding the ’444 patent. Samsung denies the remainder of the allegations in paragraph 98 of Ericsson’s Counterclaims.

99. Samsung denies the allegations of paragraph 99 of Ericsson’s Counterclaims.

100. Samsung denies the allegations of paragraph 100 of Ericsson’s Counterclaims.

101. Samsung denies the allegations of paragraph 101 of Ericsson’s Counterclaims.

102. Samsung denies the allegations of paragraph 102 of Ericsson’s Counterclaims.

**Ericsson Counterclaim Count 29:**
**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of**
**U.S. Patent No. 7,782,749**

103. In response to Ericsson repeating and realleging paragraphs 1-72 of Ericsson's Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-72 above as though fully set forth herein. The remaining allegations of paragraph 103 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 103 of Ericsson's Counterclaims.

104. Samsung admits that it is asserting a claim against Ericsson for infringement of the '749 patent. On information and belief, Samsung admits that a controversy exists between Samsung and Ericsson regarding the '749 patent. Samsung denies the remainder of the allegations in paragraph 104 of Ericsson's Counterclaims.

105. Samsung denies the allegations of paragraph 105 of Ericsson's Counterclaims.

106. Samsung denies the allegations of paragraph 106 of Ericsson's Counterclaims.

107. Samsung denies the allegations of paragraph 107 of Ericsson's Counterclaims.

108. Samsung denies the allegations of paragraph 108 of Ericsson's Counterclaims.

**Ericsson Counterclaim Count 30:**
**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of**
**U.S. Patent No. 8,059,681**

109. In response to Ericsson repeating and realleging paragraphs 1-72 of Ericsson's Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-72 above as though fully set forth herein. The remaining allegations of paragraph 109 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 109 of Ericsson's Counterclaims.

110. Samsung admits that it is asserting a claim against Ericsson for infringement of the '681 patent. On information and belief, Samsung admits that a controversy exists between

Samsung and Ericsson regarding the ’681 patent. Samsung denies the remainder of the allegations in paragraph 110 of Ericsson’s Counterclaims.

111. Samsung denies the allegations of paragraph 111 of Ericsson’s Counterclaims.

112. Samsung denies the allegations of paragraph 112 of Ericsson’s Counterclaims.

113. Samsung denies the allegations of paragraph 113 of Ericsson’s Counterclaims.

114. Samsung denies the allegations of paragraph 114 of Ericsson’s Counterclaims.

**Ericsson Counterclaim Count 31:**
**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of**
**U.S. Patent No. 8,165,081**

115. In response to Ericsson repeating and realleging paragraphs 1-72 of Ericsson’s Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-72 above as though fully set forth herein. The remaining allegations of paragraph 115 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 115 of Ericsson’s Counterclaims.

116. Samsung admits that it is asserting a claim against Ericsson for infringement of the ’081 patent. On information and belief, Samsung admits that a controversy exists between Samsung and Ericsson regarding the ’081 patent. Samsung denies the remainder of the allegations in paragraph 116 of Ericsson’s Counterclaims.

117. Samsung denies the allegations of paragraph 117 of Ericsson’s Counterclaims.

118. Samsung denies the allegations of paragraph 118 of Ericsson’s Counterclaims.

119. Samsung denies the allegations of paragraph 119 of Ericsson’s Counterclaims.

120. Samsung denies the allegations of paragraph 120 of Ericsson’s Counterclaims.

**Ericsson Counterclaim Count 32:**
**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of**
**U.S. Patent No. 8,208,438**

121. In response to Ericsson repeating and realleging paragraphs 1-72 of Ericsson's Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-72 above as though fully set forth herein. The remaining allegations of paragraph 121 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 121 of Ericsson's Counterclaims.

122. Samsung admits that it is asserting a claim against Ericsson for infringement of the '438 patent. On information and belief, Samsung admits that a controversy exists between Samsung and Ericsson regarding the '438 patent. Samsung denies the remainder of the allegations in paragraph 122 of Ericsson's Counterclaims.

123. Samsung denies the allegations of paragraph 123 of Ericsson's Counterclaims.

124. Samsung denies the allegations of paragraph 124 of Ericsson's Counterclaims.

125. Samsung denies the allegations of paragraph 125 of Ericsson's Counterclaims.

126. Samsung denies the allegations of paragraph 126 of Ericsson's Counterclaims.

**Ericsson Counterclaim Count 33:**
**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of**
**U.S. Patent No. 8,228,827**

127. In response to Ericsson repeating and realleging paragraphs 1-72 of Ericsson's Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-72 above as though fully set forth herein. The remaining allegations of paragraph 127 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 127 of Ericsson's Counterclaims.

128. Samsung admits that it is asserting a claim against Ericsson for infringement of the '827 patent. On information and belief, Samsung admits that a controversy exists between

Samsung and Ericsson regarding the ’827 patent. Samsung denies the remainder of the allegations in paragraph 128 of Ericsson’s Counterclaims.

129. Samsung denies the allegations of paragraph 129 of Ericsson’s Counterclaims.

130. Samsung denies the allegations of paragraph 130 of Ericsson’s Counterclaims.

131. Samsung denies the allegations of paragraph 131 of Ericsson’s Counterclaims.

132. Samsung denies the allegations of paragraph 132 of Ericsson’s Counterclaims.

**Ericsson Counterclaim Count 34:**
**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of**
**U.S. Patent No. 8,315,195**

133. In response to Ericsson repeating and realleging paragraphs 1-72 of Ericsson’s Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-72 above as though fully set forth herein. The remaining allegations of paragraph 133 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 133 of Ericsson’s Counterclaims.

134. Samsung admits that it is asserting a claim against Ericsson for infringement of the ’195 patent. On information and belief, Samsung admits that a controversy exists between Samsung and Ericsson regarding the ’195 patent. Samsung denies the remainder of the allegations in paragraph 134 of Ericsson’s Counterclaims.

135. Samsung denies the allegations of paragraph 135 of Ericsson’s Counterclaims.

136. Samsung denies the allegations of paragraph 136 of Ericsson’s Counterclaims.

137. Samsung denies the allegations of paragraph 137 of Ericsson’s Counterclaims.

138. Samsung denies the allegations of paragraph 138 of Ericsson’s Counterclaims.

**Ericsson Counterclaim Count 35:**
**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of**
**<u>U.S. Patent No. 8,331,328</u>**

139. In response to Ericsson repeating and realleging paragraphs 1-72 of Ericsson's Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-72 above as though fully set forth herein. The remaining allegations of paragraph 139 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 139 of Ericsson's Counterclaims.

140. Samsung admits that it is asserting a claim against Ericsson for infringement of the '328 patent. On information and belief, Samsung admits that a controversy exists between Samsung and Ericsson regarding the '328 patent. Samsung denies the remainder of the allegations in paragraph 140 of Ericsson's Counterclaims.

141. Samsung denies the allegations of paragraph 141 of Ericsson's Counterclaims.

142. Samsung denies the allegations of paragraph 142 of Ericsson's Counterclaims.

143. Samsung denies the allegations of paragraph 143 of Ericsson's Counterclaims.

144. Samsung denies the allegations of paragraph 144 of Ericsson's Counterclaims.

**Ericsson Counterclaim Count 36:**
**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of**
**<u>U.S. Patent No. RE44,105</u>**

145. In response to Ericsson repeating and realleging paragraphs 1-72 of Ericsson's Counterclaims, Samsung repeats and incorporates by reference the responses in paragraphs 1-72 above as though fully set forth herein. The remaining allegations of paragraph 145 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Samsung denies the remaining allegations in paragraph 145 of Ericsson's Counterclaims.

146. Samsung admits that it is asserting a claim against Ericsson for infringement of the RE '105 patent. On information and belief, Samsung admits that a controversy exists

between Samsung and Ericsson regarding the RE ’105 patent. Samsung denies the remainder of the allegations in paragraph 146 of Ericsson’s Counterclaims.

147. Samsung denies the allegations of paragraph 147 of Ericsson’s Counterclaims.

148. Samsung denies the allegations of paragraph 148 of Ericsson’s Counterclaims.

149. Samsung denies the allegations of paragraph 149 of Ericsson’s Counterclaims.

150. Samsung denies the allegations of paragraph 150 of Ericsson’s Counterclaims.

## EXCEPTIONAL CASE

151. Samsung denies the allegations of paragraph 151 of Ericsson’s Counterclaims.

## DEMAND FOR A JURY TRIAL

Samsung hereby demands trial by jury for all issues so triable.

## PRAYER FOR RELIEF

Samsung denies that Plaintiff is entitled to any relief whatsoever from Samsung as prayed for by Plaintiff, including in Plaintiff’s Complaint, Amended Complaint, or in Ericsson’s Counterclaims, and Samsung denies that Plaintiff is entitled to an injunction, and denies that Plaintiff is entitled any other relief.

## SAMSUNG’S AFFIRMATIVE DEFENSES

Samsung incorporates by reference the Affirmative Defenses stated in Samsung’s Answer as though separately alleged herein against each of Ericsson’s counterclaims. Samsung also states the following additional affirmative defenses in response to Ericsson’s Counterclaims. Samsung specifically reserves the right to assert additional defenses as they become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

152. The claims of the ’125, ’832, ’078, ’130, ’510, ’823, ’990, and ’710 patents (“Ericsson Counterclaim Patents”) are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**SECOND AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

153. Samsung does not infringe and has not infringed under any theory (including directly, jointly, contributorily, or by inducement) any valid and enforceable claim of the Ericsson Counterclaim Patents, either literally or under the doctrine of equivalents.

**THIRD AFFIRMATIVE DEFENSE**
**(Statutory Damages Limitations)**

154. Plaintiff’s recovery for alleged infringement of the Ericsson Counterclaim Patents, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286 and 287.

**FOURTH AFFIRMATIVE DEFENSE**
**(Government Sales)**

155. Plaintiff’s remedies as to the Ericsson Counterclaim Patents, if any, are limited under 28 U.S.C. § 1498(a).

**FIFTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

156. Plaintiff is estopped, based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the Ericsson Counterclaim Patents, as well as reissue and/or reexamination proceedings related to any of the Ericsson Counterclaim Patents, from asserting that Samsung has infringed, directly or indirectly, any claim of the Ericsson Counterclaim Patents, either literally or under the doctrine of equivalents.

**SIXTH AFFIRMATIVE DEFENSE**
**(Covenant Not to Sue, License, and/or Patent Exhaustion)**

157. Plaintiff's claims are barred in whole or in part pursuant to a covenant not to sue, an express and/or implied license, and/or the doctrine of patent exhaustion.

158. On information and belief, and by way of example without limitation, Samsung has rights arising from its use of Qualcomm Incorporated ("Qualcomm") components in certain Samsung products. On information and belief, Qualcomm entered into a license agreement with Plaintiff by which Qualcomm received, among other things, certain rights related to the Ericsson Counterclaim Patents. Samsung has an express or implied license to manufacture, use, import, and sell electronic devices incorporating licensed Qualcomm components under the Ericsson Counterclaim Patents. Moreover, under the doctrine of patent exhaustion, the purchase by Samsung of the licensed components from Qualcomm exhausts Plaintiff's alleged rights under the Ericsson Counterclaim Patents.

159. On information and belief, and by way of example without limitation, Samsung has rights arising from its use of ST-Ericsson components in certain Samsung products. On information and belief, ST-Ericsson has obtained rights to one or more of the Ericsson Counterclaim Patents from Plaintiff. Samsung has an express or implied license to manufacture, use, import, and sell electronic devices incorporating licensed ST-Ericsson components under the Ericsson Counterclaim Patents. Moreover, under the doctrine of patent exhaustion, the purchase by Samsung of the licensed components from ST-Ericsson exhausts Plaintiff's alleged rights under the Ericsson Counterclaim Patents.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Unenforceability)**

160. Plaintiff's claims as they relate to some or all of the Ericsson Counterclaim Patents are barred in whole or in part by reason of estoppel, unclean hands, waiver, and/or other equitable doctrines based on Plaintiff's failure to comply with its contractual obligations made to the European Telecommunications Standards Institute ("ETSI"), 3rd Generation Partnership Project ("3GPP"), and Institute of Electrical and Electronics Engineers ("IEEE"), as well as to third party beneficiaries of those obligations (including the members of those organizations and manufacturers of products compliant with ETSI, 3GPP, and IEEE standards).

161. Samsung repeats and reincorporates by reference paragraphs 77-83 of Samsung's Answer.

162. ETSI is a standards-setting organization ("SSO") that is responsible for the standardization of information and communication technologies for the benefit of its members and third parties. 3GPP is a collaborative activity through a group of recognized SSOs (its "Organizational Partners"), including ETSI. 3GPP develops technical specifications subsequently presented to and adopted as standards by its Organizational Partners, such as ETSI.

163. IEEE, through IEEE-SA, is an SSO that is responsible for standardization for the benefit of its members and third parties. IEEE develops and adopts technical specifications, including the 802.11 series of standards.

164. Like other SSOs, ETSI, IEEE, and 3GPP have developed Intellectual Property Rights ("IPR") Policies designed to ensure that investment in standard-setting and standard-compliant equipment is not wasted as a result of essential IPR being unavailable or only available under unreasonable and/or discriminatory licensing terms. In addition, as a 3GPP "Individual Member," Ericsson was "bound by the IPR Policy" of ETSI, the Organizational Partner through which Ericsson participated in 3GPP. These policies generally require that SSO

members disclose their ownership of patents that may be essential to practice the standard and commit to licensing these patents on fair, reasonable and non-discriminatory ("FRAND") terms. SSO IPR Policies are designed to obtain FRAND licensing obligations from patent owners to ensure that they will not use their IPR to extract unreasonable license fees or to exclude any market participant that is willing to accept a license for use of the IPR on FRAND terms and conditions.

165. ETSI's IPR Policy is set forth in Annex 6 of its Rules of Procedure. Clause 4.1 of the ETSI IPR Policy requires ETSI members to declare all essential IPR in a timely manner. Clause 15 of ETSI's IPR Policy defines IPR to mean "any intellectual property right conferred by statute law including applications therefor other than trademarks." Therefore, market participants have a reasonable expectation that all potentially essential patents or patent applications will be disclosed to ETSI. Clause 6 of ETSI's IPR Policy governs the availability of licenses to essential IPR, stating that when essential IPRs are brought to the attention of ETSI, ETSI shall immediately request an undertaking in writing that the IPR owner is prepared to grant irrevocable licenses on fair, reasonable, and non-discriminatory terms. Clause 8 of ETSI's IPR Policy states that, if an IPR owner refuses to give a FRAND commitment in accordance with Clause 6.1 of the IPR Policy prior to the publication of a standard, ETSI will select an alternative technology to incorporate into the standard, or will stop work entirely on the standard if no alternative is available. Further, if an IPR owner refuses to give a FRAND commitment in accordance with Clause 6.1 after publication of a standard, ETSI shall try to modify the standard so that the IPR in question is no longer essential or failing that will involve the European Commission to see what further action is required.

166. The IEEE's IPR Policy is set forth in Section 6.2 of the IEEE-SA Standards Board Bylaws. This section requires that the IEEE "request licensing assurance" through a Letter of Assurance process. This Letter of Assurance must contain either (1) "[a] general disclaimer to the effect that the Submitter without conditions will not enforce any present or future Essential Patent Claims against any person … implementing … the standard," or (2) "[a] statement that a license for a compliant implementation of the standard will be made available to an unrestricted number of applicants on a worldwide basis without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination."

167. The IEEE's IPR Policy further states that "In order for IEEE's patent policy to function efficiently, individuals participating in the standards development process: (a) shall inform the IEEE (or cause the IEEE to be informed) of the holder of any potential Essential Patent Claims of which they are personally aware and that are not already the subject of an existing Letter of Assurance, owned or controlled by the participant or the entity the participant is from, employed by, or otherwise represents; and (b) should inform the IEEE (or cause the IEEE to be informed) of any other holders of such potential Essential Patent Claims that are not already the subject of an existing Letter of Assurance."

168. Relying on the IPR Policies of these SSOs and on the accompanying patent owner obligations under these Policies, the SSOs and other third parties, including Samsung, adopted various technologies into the technical standards that were being developed.

169. Ericsson is a member of the respective SSOs and an alleged contributor to these various standards. As such, Ericsson has declared that the related patents must be licensed on FRAND terms. For example, Ericsson has declared to ETSI that some or all of the Ericsson Counterclaim Patents are essential or potentially essential to one or more standard, and explicitly

has undertaken "to grant irrevocable licenses under the IPRs on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy," i.e., on FRAND terms. Also, in a Letter of Assurance directed to IEEE 802.11n, Ericsson also agreed to "grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination."

170. As a member and participant in these SSOs, Samsung relied on the IPR Policies of ETSI, 3GPP and IEEE to ensure that it will have the ability to obtain licenses to standard essential patents on FRAND terms before developing and investing in products and technologies that may practice the standard. For example, Samsung has made substantial investments in the design, manufacture, launch and continued innovation of these products and technologies.

171. Moreover, Samsung and Ericsson have previously entered into license agreements relating to technology at issue in this case. In December 2001, after extensive arm's-length negotiations, Samsung and Ericsson entered into a worldwide cross-license agreement that specified payment from Samsung to Ericsson for a four year cross license plus a release for the previous four years for the use of both parties' essential patents.

172. When the 2001 License expired in 2005, Ericsson demanded an exorbitant renewal fee for the following five years. Despite Samsung's attempts to reach an agreement with Ericsson, Ericsson refused to reduce its demand. Instead, Ericsson initiated litigations against Samsung in the middle of the renewal negotiations between the parties. Contrary to Ericsson's FRAND obligations, Ericsson sought to exclude Samsung's products from the United States without ever offering a license on FRAND terms as required.

173. The parties eventually resolved the pending litigations by entering into a new cross-license on June 29, 2007. The 2007 Agreement expired in 2011. Instead of proposing terms

consistent with the two previous license agreements, Ericsson refused to acknowledge those agreements. Instead, consistent with Ericsson's new business model, which no longer includes the manufacture of handsets, Ericsson demanded terms that were unfair, unreasonable, and discriminatory, particularly in comparison to the parties' previous agreements. Ericsson has not complied with its obligation to offer to Samsung, and negotiate, a license on FRAND terms. In addition, upon information and belief, Ericsson failed to use reasonable endeavors to inform ETSI, IEEE, and 3GPP in a timely fashion of the existence of the purported IPR relating to one or more patents asserted herein thus constituting further breach of its obligations to the respective SSO and its members.

174. Ericsson once again initiated litigations against Samsung in the middle of the renewal negotiations between the parties. Ericsson again seeks to exclude Samsung's products from the United States, contrary to its earlier contractual obligations and promises. Ericsson's unreasonable and discriminatory license demands and associated litigation tactics are in violation of its FRAND obligations. Ericsson is in breach of its obligations and promises and should be barred from seeking relief here, at the ITC, or any other forum for Samsung's alleged infringement of Ericsson's declared standards-essential patents, including some or all of the Ericsson Counterclaim Patents.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Patent Misuse)**

175. Samsung incorporates the allegations set forth in paragraphs 160-174, above. In light of these facts, Plaintiff is barred from asserting the Ericsson Counterclaim Patents by the equitable doctrine of patent misuse.

**NINTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

176. Samsung incorporates the allegations set forth in paragraphs 160-174, above. In light of these facts, Ericsson lacks standing as to its claims relating to some or all of the Ericsson Counterclaim Patents. Ericsson is precluded from obtaining injunctive or other exclusionary relief because it failed to comply with its commitments to ETSI and IEEE that it would license its declared-essential patents on FRAND terms to willing licensees, such as Samsung here. Ericsson lacks standing because it has not offered Samsung a license on FRAND terms or negotiated in good faith to offer Samsung such a FRAND license in violation of Ericsson's representations and obligations to ETSI and IEEE.

**TENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

177. Samsung incorporates the allegations set forth in paragraphs 160-174, above. In light of these facts, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SAMSUNG'S RESPONSIVE COUNTERCLAIMS

As its responsive counterclaims against Ericsson, Samsung demands a trial by jury on its non-equitable claims and alleges as follows:

### Nature of the Action and Relief Sought

1. Samsung repeats and reincorporates by reference paragraphs 1-12 of the counterclaims in Samsung's Answer.

2. This is also an action to declare United States Patents No. 6,029,125, 6,031,832, 6,070,078, 6,418,130, 7,149,510, 7,286,823, 8,023,990, and 8,214,710 ("the Ericsson Counterclaim Patents") not infringed by Samsung, unenforceable, and/or invalid, that Ericsson has breached obligations by asserting the Ericsson Counterclaim Patents, and that Samsung has an express or implied license to practice such patents.

**Parties**

3. Samsung repeats and reincorporates by reference paragraphs 13-17 of the counterclaims in Samsung's Answer.

**Jurisdiction and Venue**

4. This action arises under the patent laws of the United States, 35 U.S.C. § 100 et seq and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

5. This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 1367(a) and 2201(a).

6. To the extent that this action remains in this District, venue is appropriate pursuant to 28 U.S.C. § 1391(b)-(d) and 1400(b). Case 6:12-cv-00894-LED Document 26 Filed 03/18/13 Page 27 of 72

7. Ericsson has consented to personal jurisdiction by commencing its action for patent infringement in this judicial district, as set forth in its Complaint and in Ericsson's Counterclaims.

**Factual Background**

8. Samsung repeats and reincorporates by reference paragraphs 22-43 of the counterclaims in Samsung's Answer.

**Counterclaim Counts 1-26**

9. Samsung repeats and reincorporates by reference paragraphs 44-197 of the counterclaims in Samsung's Answer.

**Counterclaim Count 27:**
**Declaratory Judgment of Non-infringement & Invalidity of U.S. Patent No. 6,029,125**

10. Samsung re-alleges and fully incorporates paragraphs 1-9 above of the Counterclaims as though fully set forth herein.

11. By the filing of its Complaint, Ericsson has purported to assert a claim against Samsung for the alleged infringement of United States Patent No. 6,029,125 ("the '125 Patent"). Samsung has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '125 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity and scope of the '125 Patent.

12. Samsung has not and is not now infringing, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '125 Patent. Samsung is not liable for any infringement, literal or under the doctrine of equivalents, of the '125 Patent.

13. Samsung does not willfully infringe and has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '125 Patent, either literally or under the doctrine of equivalents.

14. As a result, Samsung is entitled to a judgment finding that the '125 Patent is not infringed by Samsung, either literally or under the doctrine of equivalents, and that Samsung has not contributed to or induced any infringement by another.

**Counterclaim Count 28:**
**Declaratory Judgment of Non-infringement & Invalidity of U.S. Patent No. 6,031,832**

15. Samsung re-alleges and fully incorporates paragraphs 1-9 above of the Counterclaims as though fully set forth herein.

16. By the filing of its Complaint, Ericsson has purported to assert a claim against Samsung for the alleged infringement of United States Patent No. 6,031,832 ("the '832 Patent"). Samsung has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '832 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity and scope of the '832 Patent.

17. Samsung has not and is not now infringing, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the ’832 Patent. Samsung is not liable for any infringement, literal or under the doctrine of equivalents, of the ’832 Patent.

18. Samsung does not willfully infringe and has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the ’832 Patent, either literally or under the doctrine of equivalents.

19. As a result, Samsung is entitled to a judgment finding that the ’832 Patent is not infringed by Samsung, either literally or under the doctrine of equivalents, and that Samsung has not contributed to or induced any infringement by another.

**Counterclaim Count 29:**
**Declaratory Judgment of Non-infringement & Invalidity of U.S. Patent No. 6,070,078**

20. Samsung re-alleges and fully incorporates paragraphs 1-9 above of the Counterclaims as though fully set forth herein.

21. By the filing of its Complaint, Ericsson has purported to assert a claim against Samsung for the alleged infringement of United States Patent No. 6,070,078 (“the ’078 Patent”). Samsung has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the ’078 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity and scope of the ’078 Patent.

22. Samsung has not and is not now infringing, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the ’078 Patent. Samsung is not liable for any infringement, literal or under the doctrine of equivalents, of the ’078 Patent.

23. Samsung does not willfully infringe and has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the ’078 Patent, either literally or under the doctrine of equivalents.

24. As a result, Samsung is entitled to a judgment finding that the ’078 Patent is not infringed by Samsung, either literally or under the doctrine of equivalents, and that Samsung has not contributed to or induced any infringement by another.

**Counterclaim Count 30:**
**Declaratory Judgment of Non-infringement & Invalidity of U.S. Patent No. 6,418,130**

25. Samsung re-alleges and fully incorporates paragraphs 1-9 above of the Counterclaims as though fully set forth herein.

26. By the filing of its Complaint, Ericsson has purported to assert a claim against Samsung for the alleged infringement of United States Patent No. 6,418,130 (“the ’130 Patent”). Samsung has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the ’130 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity and scope of the ’130 Patent.

27. Samsung has not and is not now infringing, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the ’130 Patent. Samsung is not liable for any infringement, literal or under the doctrine of equivalents, of the ’130 Patent.

28. Samsung does not willfully infringe and has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the ’130 Patent, either literally or under the doctrine of equivalents.

29. As a result, Samsung is entitled to a judgment finding that the ’130 Patent is not infringed by Samsung, either literally or under the doctrine of equivalents, and that Samsung has not contributed to or induced any infringement by another.

**Counterclaim Count 31:**
**Declaratory Judgment of Non-infringement & Invalidity of U.S. Patent No. 7,149,510**

30. Samsung re-alleges and fully incorporates paragraphs 1-9 above of the Counterclaims as though fully set forth herein.

31. By the filing of its Complaint, Ericsson has purported to assert a claim against Samsung for the alleged infringement of United States Patent No. 7,149,510 (“the ’510 Patent”). Samsung has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the ’510 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity and scope of the ’510 Patent.

32. Samsung has not and is not now infringing, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the ’510 Patent. Samsung is not liable for any infringement, literal or under the doctrine of equivalents, of the ’510 Patent.

33. Samsung does not willfully infringe and has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the ’510 Patent, either literally or under the doctrine of equivalents.

34. As a result, Samsung is entitled to a judgment finding that the ’510 Patent is not infringed by Samsung, either literally or under the doctrine of equivalents, and that Samsung has not contributed to or induced any infringement by another.

**Counterclaim Count 32:**
**Declaratory Judgment of Non-infringement & Invalidity of U.S. Patent No. 7,286,823**

35. Samsung re-alleges and fully incorporates paragraphs 1-9 above of the Counterclaims as though fully set forth herein.

36. By the filing of its Complaint, Ericsson has purported to assert a claim against Samsung for the alleged infringement of United States Patent No. 7,286,823 ("the '823 Patent"). Samsung has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '823 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity and scope of the '823 Patent.

37. Samsung has not and is not now infringing, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '823 Patent. Samsung is not liable for any infringement, literal or under the doctrine of equivalents, of the '823 Patent.

38. Samsung does not willfully infringe and has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '823 Patent, either literally or under the doctrine of equivalents.

39. As a result, Samsung is entitled to a judgment finding that the '823 Patent is not infringed by Samsung, either literally or under the doctrine of equivalents, and that Samsung has not contributed to or induced any infringement by another.

**Counterclaim Count 33:**
**Declaratory Judgment of Non-infringement & Invalidity of U.S. Patent No. 8,023,990**

40. Samsung re-alleges and fully incorporates paragraphs 1-9 above of the Counterclaims as though fully set forth herein.

41. By the filing of its Complaint, Ericsson has purported to assert a claim against Samsung for the alleged infringement of United States Patent No. 8,023,990 ("the '990 Patent").

Samsung has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the ’990 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity and scope of the ’990 Patent.

42. Samsung has not and is not now infringing, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the ’990 Patent. Samsung is not liable for any infringement, literal or under the doctrine of equivalents, of the ’990 Patent.

43. Samsung does not willfully infringe and has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the ’990 Patent, either literally or under the doctrine of equivalents.

44. As a result, Samsung is entitled to a judgment finding that the ’990 Patent is not infringed by Samsung, either literally or under the doctrine of equivalents, and that Samsung has not contributed to or induced any infringement by another.

**Counterclaim Count 34:**
**Declaratory Judgment of Non-infringement & Invalidity of U.S. Patent No. 8,214,710**

45. Samsung re-alleges and fully incorporates paragraphs 1-9 above of the Counterclaims as though fully set forth herein.

46. By the filing of its Complaint, Ericsson has purported to assert a claim against Samsung for the alleged infringement of United States Patent No. 8,214,710 (“the ’710 Patent”). Samsung has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the ’710 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity and scope of the ’710 Patent.

47. Samsung has not and is not now infringing, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim

of the ’710 Patent. Samsung is not liable for any infringement, literal or under the doctrine of equivalents, of the ’710 Patent.

48. Samsung does not willfully infringe and has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the ’710 Patent, either literally or under the doctrine of equivalents.

49. As a result, Samsung is entitled to a judgment finding that the ’710 Patent is not infringed by Samsung, either literally or under the doctrine of equivalents, and that Samsung has not contributed to or induced any infringement by another.

**Counterclaim Count 35:**
**Breach of Contract**

50. Samsung re-alleges and fully incorporates paragraphs 1-9 above and 118-121 of Samsung’s Answer.

51. Upon information and belief, Ericsson contends that one or more of the Ericsson Counterclaim Patents is essential to practicing at least one technical standard.

52. For each such Ericsson Counterclaim Patent, as set forth in Counterclaim 13 above, Ericsson has breached its contractual commitments to license such Ericsson Counterclaim Patent on FRAND terms, and Samsung has been harmed as a consequence.

**Counterclaim Count 36:**
**Promissory Estoppel**

53. Samsung re-alleges and fully incorporates paragraphs 1-9 above and 122-127 of Samsung’s Answer.

54. Upon information and belief, Ericsson contends that one or more of the Ericsson Counterclaim Patents is essential to practicing at least one technical standard.

55. For each such Ericsson Counterclaim Patent, as set forth in Counterclaim 14 above, Ericsson is promissorily estopped from asserting such Ericsson Counterclaim Patent against Samsung.

**Counterclaim Count 37:**
**Declaration of License**

56. Samsung re-alleges and fully incorporates paragraphs 1-9, 25, 28, 31, 34, 37, and 40 above and 128-132 of Samsung's Answer.

57. Samsung is entitled to a judgment finding that it is licensed to manufacture, use, import, and sell electronic devices, including under one or more of the Ericsson Counterclaim Patents, because Samsung is/was licensed, and/or because Samsung's electronic devices incorporating licensed Qualcomm components, ST Ericsson components, and/or components of other Ericsson licensed third parties are licensed. Samsung accordingly owes no royalties to Ericson on account of such manufacture, use, import, or sale.

**EXCEPTIONAL CASE**

58. This case is an exceptional case entitling Samsung to an award of its reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Ericsson's assertion of the Ericsson Counterclaim Patents against Samsung with the knowledge that the Ericsson Counterclaim Patents are invalid and unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE, Samsung prays for judgment against Ericsson as follows:

a. For dismissal of Ericsson's Complaint, First Amended Complaint, and Counterclaims in their entirety with prejudice;

b. For a judgment that Ericsson has infringed directly, contributorily, and/or by inducement the asserted claims of each Samsung Asserted Patent asserted in Samsung's Answer;

c. For a judgment declaring that each and every claim of the Samsung Asserted Patents are valid and enforceable;

d. For judgment and a declaration that Ericsson has breached its legal obligations with respect to granting Samsung FRAND terms and conditions of licenses to any of its essential patents;

e. For an order compelling specific performance of Ericsson's FRAND obligations;

f. For a judgment declaring that Samsung has not and does not infringe, under any theory, any asserted claim of an Ericsson Asserted Patent or an Ericsson Counterclaim Patent;

g. For a judgment declaring that Samsung is licensed to manufacture, use, import, and sell electronic devices incorporating licensed Qualcomm components, ST Ericsson components, and/or components of other Ericsson licensed third parties and owes no royalties to Ericsson on account of such manufacture, use, import, or sale;

h. For a judgment declaring that each and every asserted claim of the Ericsson Asserted Patents and Ericsson Counterclaim Patents is invalid and unenforceable;

i. For an award of reasonable attorneys' fees and expenses against Ericsson pursuant to 35 U.S.C. § 285 or otherwise;

j. For damages together with prejudgment interest;

k. For Samsung's costs of suit against Ericsson;

l. For a permanent injunction against Ericsson products found to infringe any Samsung patent for which Samsung is entitled to obtain an injunction; and

m. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Samsung hereby demands a trial by jury on all issues triable by a jury alleged or relating to this litigation pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 16, 2013

Respectfully submitted,

**SAMSUNG ELECTRONICS CO., LTD**
**SAMSUNG ELECTRONICS AMERICA, INC.**
**SAMSUNG TELECOMMUNICATIONS AMERICA LLC**

By their attorneys,

By: *s/ Indranil Mukerji*
Ruffin Cordell
Texas State Bar No. 04820550
E-mail: Cordell@fr.com
Michael McKeon
D.C. Bar No. 459780
E-mail: McKeon@fr.com
Indranil Mukerji
MA Bar No. 644059
E-mail: Mukerji@fr.com
**FISH & RICHARDSON P.C.**
1425 K Street, NW, 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thomas M. Melsheimer
Texas State Bar No. 1392250
E-mail: melsheimer@fr.com
Thomas H. Reger II
Texas State Bar No. 24032992
E-mail: reger@fr.com
Robert C. Earle
Texas State Bar No. 24002029
E-mail: earle@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-22091

John S. Goetz
N.Y. State Bar No. 429566
E-mail: Goetz@fr.com
**FISH & RICHARDSON P.C.**
601 Lexington Avenue, 52nd Floor

New York, NY 10022
Telephone: (212) 641-2277
Facsimile: (212) 258-2291

Kenneth R. Adamo
Texas Bar No. 00846960
E-mail: kradamo@kirkland.com
David W. Higer
E-mail: david.higer@kirkland.com
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000 (Telephone)
(312) 862-2200 (Facsimile)

Gregory S. Arovas, P.C.
E-mail: greg.arovas@kirkland.com
Jennifer M. Selendy
E-mail: jennifer.selendy@kirkland.com
Todd M. Friedman
E-mail: todd.friedman@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
(212) 446-4800 (Telephone)
(212) 446-4900 (Facsimile)

Edward C. Donovan
E-mail: edward.donovan@kirkland.com
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W.
Washington, D.C. 2005
(202) 879-5000 (Telephone)
(202) 879-5200 (Facsimile)

Bao Nguyen
E-mail: bao.nguyen@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, California 94104
(415) 439-1400 (Telephone)
(415) 439-1500 (Facsimile)

Michael Jones
E-mail: mikejones@potterminton.com
**POTTER MINTON**
110 N College Avenue, Suite 500
Tyler, TX 75702
(903) 597-8311
(903) 593-0846

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 16, 2013 to all counsel of record pursuant to the Court's CM/ECF system.

*/s/Indranil Mukerji*_________
Indranil Mukerji