**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON**<br>　　　**Plaintiffs, Counterclaim**<br>　　　**Defendants,**<br><br>　**v.**<br><br>**SAMSUNG ELECTRONICS CO., LTD.,** *et al.*,<br><br>　　　**Defendants, Counterclaim**<br>　　　**Plaintiffs.** | **CIVIL ACTION NO. 6:12-cv-894-LED**<br><br><br><br><br>**JURY TRIAL DEMANDED** |

**ERICSSON'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO SAMSUNG'S THIRD AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO ERICSSON'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"), by and through their attorneys, hereby answer Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Defendants" or "Samsung") purported counterclaims contained in Samsung's Third Amended Answer, Affirmative Defenses and Counterclaims to Ericsson's First Amended Complaint for Patent Infringement (Dkt. No. 64) (Samsung's "Third Amended Answer & Counterclaims").[1]

---

[1] Further, Ericsson maintains the responses and defenses set forth in Plaintiff Ericsson's Answer and Affirmative Defenses to Defendant Samsung's Response to Ericsson's Answer, Affirmative Defenses and Counterclaims to Samsung's First Amended Answer, Affirmative Defenses and Counterclaims (Dkt. No. 44) and in Plaintiff Ericsson's Answer and Affirmative Defenses to Defendant Samsung's Response to Ericsson's Answer, Affirmative Defenses and Counterclaims to Samsung's Second Amended Answer, Affirmative Defenses and Counterclaims (Dkt. No. 66).

## **GENERAL DENIAL**

Ericsson denies the allegations in Samsung's Third Amended Answer & Counterclaims unless expressly admitted in the following paragraphs.

## **SAMSUNG'S ANSWER & PURPORTED AFFIRMATIVE DEFENSES**

Samsung's answer and purported affirmative defenses that are included in Samsung's Third Amended Answer & Counterclaims (*see* Dkt. No. 64 at 1-22) will be referred to herein as Samsung's "Answer." No response should be required to Samsung's Answer.  However, to the extent any response is required, Ericsson denies the allegations in Samsung's Answer unless expressly admitted.

To the extent that any response to Samsung's "Introduction" section is required, Ericsson responds as follows:  Ericsson admits that it filed a complaint against Samsung for patent infringement and other causes of action in the above-captioned action.  Ericsson further admits that it filed a separate complaint against Samsung in Civil Action No. 6:12-CV-895 pending before this Court.  Ericsson admits that it owns and patented hundreds of inventions that are essential to the GSM, GPRS, EDGE, WCDMA, LTE and 802.11 wireless standards ("standard-essential patents").  Ericsson has repeatedly committed to license standard-essential patents on fair, reasonable, and non-discriminatory ("FRAND") terms with respect to certain standards. Ericsson admits that it filed a complaint against Samsung with the United States International Trade Commission ("ITC"), which instituted an investigation against Samsung.  Ericsson admits that it and Samsung previously cross-licensed certain respective patent portfolios, including certain Ericsson standard-essential patents and patents Samsung declared essential to wireless standards, in 2001 and 2007.  Samsung's license has now expired.  Ericsson admits that it has

extended multiple offers to Samsung to renew the license on FRAND terms during the past two

years of negotiations between the parties.  Ericsson admits that it is a member of ETSI and IEEE,

which have been referred to as "standards-setting organizations" ("SSOs").  Ericsson admits that

a "Form 20-F" identifying "TELEFONAKTIEBOLAGET LM ERICSSON" and dated "April 4,

2012" includes the following text:

> Since these standards are developed in industry-wide collaboration to
> ensure multi-vendor interoperability, patent holders waive their
> monopolies and commit to licensing their part of the technology to others
> wanting to use it. The Company complies with fair, reasonable and non-
> discriminatory licensing (FRAND). This fair return licensing provides
> incentive to make further investments in R&D, while also allowing for
> new entrants to commercialize the technology at a reasonable cost.
> International standards and FRAND licensing are fundamental for the
> telecom ecosystem and are a prerequisite for the global success of mobile
> communications.

Ericsson admits that it states in paragraph 9 of its complaint in this action that "FRAND

licensing is a two-way street."  Ericsson admits that Samsung manufactures, imports, sells and/or

offers for sale mobile phones, base stations, televisions, computers, Blu-Ray players, cameras,

and other devices for use in a mobile communications network or a wireless LAN.  Ericsson

admits that it sells equipment to entities involved in operating networks.  Ericsson presently is

without knowledge or information sufficient to form a belief as to the truth of the allegations that

Samsung has invested the alleged dollar amount in 2011, or that the alleged number of patents

have been awarded, and therefore denies those allegations. Ericsson denies the remaining

allegations in the "Introduction" section of Samsung's Third Amended Answer &

Counterclaims, at least some of which are vague and ambiguous.

## SAMSUNG'S PURPORTED COUNTERCLAIMS

Ericsson admits that Samsung purports to state counterclaims against Ericsson, but denies

that any such counterclaims are meritorious and denies that Samsung is entitled to any relief.

Samsung's purported counterclaims, which are included in Samsung's Third Amended Answer & Counterclaims (*see* Dkt. No. 64 at 23-80), will be referred to herein as Samsung's "Counterclaims."

### Nature of the Action and Relief Sought

1.      Samsung purports to reallege its responses to paragraphs 1-67 and 76-89 of Ericsson's First Amended Complaint (Dkt. No. 13).  To the extent any response is required, Ericsson responds as follows, and otherwise denies any remaining allegations of paragraph 1 of Samsung's Counterclaims.

1 - 67)  Ericsson admits that Samsung states in paragraphs 1-67 of its Answer that Samsung admits, denies or lacks sufficient information regarding certain allegations in Ericsson's First Amended Complaint.  Ericsson further admits that Samsung does not contest personal jurisdiction, as Samsung states in paragraph 20 of its Answer.  Ericsson denies all remaining allegations in paragraphs 1-67 of Samsung's Answer.  To the extent Samsung incorporates by reference its responses in other paragraphs of Samsung's Third Amended Answer & Counterclaims or other pleading, Ericsson repeats and incorporates its responses to those paragraphs of Samsung's Third Amended Answer & Counterclaims or other pleading.

76)  Ericsson denies the allegations of paragraph 76 of Samsung's Answer, at least some of which are vague and ambiguous.

77)  Ericsson admits that the European Telecommunications Standards Institute ("ETSI") and the Third Generation Partnership Project ("3GPP") are standards-setting organizations responsible for standardization of certain information and communication technologies for the benefit of their members and third parties.  Ericsson further admits that 3GPP has been involved in development of certain technical specifications presented to and

adopted by ETSI. Ericsson denies the remaining allegations of paragraph 77 of Samsung's Answer, at least some of which are vague and ambiguous.

78) Ericsson admits that IEEE has been referred to as a standards-setting organization and has been involved in development and adoption of certain technical specifications regarding 802.11 standards. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 78 of Samsung's Answer, at least some of which are vague and ambiguous, and therefore denies those allegations.

79) Ericsson denies the allegations of paragraph 79 of Samsung's Answer that are directed at Ericsson. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 79 of Samsung's Answer, which are too generalized, vague, and ambiguous to assess, and therefore denies those allegations.

80) Ericsson admits that ETSI requires its members to make certain declarations with regard to that member's patents to the extent the patents are essential to compliance with ETSI standards. See, e.g., ETSI Rules of Procedure, Annex 6: ETSI Intellectual Property Rights Policy, Clauses 4.1 and 6.1; Id., Annex 6 - Appendix A: IPR Licensing Declaration forms. Ericsson denies the remaining allegations of paragraph 80 of Samsung's Answer, at least some of which are vague and ambiguous.

81) Ericsson denies the allegations of paragraph 81 of Samsung's Answer, at least some of which are vague and ambiguous.

82) Ericsson admits that a document entitled "IEEE-SA STANDARDS BOARD BYLAWS" contains the following text: "In order for IEEE's patent policy to function

efficiently, individuals participating in the standards development process: (a) shall inform the IEEE (or cause the IEEE to be informed) of the holder of any potential Essential Patent Claims of which they are personally aware and that are not already the subject of an existing Letter of Assurance, owned or controlled by the participant or the entity the participant is from, employed by, or otherwise represents; and (b) should inform the IEEE (or cause the IEEE to be informed) of any other holders of such potential Essential Patent Claims that are not already the subject of an existing Letter of Assurance."  Ericsson denies the remaining allegations of paragraph 82 of Samsung's Answer.

83)  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of Samsung's Answer, at least some of which are vague and ambiguous, and therefore denies those allegations.

84)  Ericsson admits that it is a member of ETSI and the IEEE.  Ericsson admits that it has submitted a declaration to ETSI committing to offer a license to Ericsson standard-essential patents on FRAND terms with respect to certain standards.  Ericsson admits that a document entitled "IPR INFORMATION STATEMENT AND LICENSING DECLARATION" includes the following text:   "IPR Holder/Organisation Legal Name: Telefonaktiebolaget LM Ericsson"; "IPR information statement  In accordance with the ETSI IPR Policy, Article 4.1, I hereby inform ETSI that, with reference to ETSI GSM Standards it is my belief that the IPRs listed in Annex 2 are, or are likely to become, Essential IPRs in relation to those Standards."; and "IPR licensing declaration  The SIGNATORY has notified ETSI that it is the proprietor of the IPRs listed in Annex 2 and has informed ETSI that it believes that the lPRs may be considered ESSENTIAL to the Standards listed above.  The SIGNATORY and/or its AFFILIATES hereby declare that they are prepared to grant irrevocable licenses under the IPRs on terms and

conditions which are in accordance with Clause 6.1 of the ETSI lPR Policy, in respect of the

STANDARD, to the extent that the IPRs remain ESSENTIAL.   The construction, validity and

performance of this DECLARATION shall be governed by the laws of France."  Ericsson further

admits that a document entitled "Letter of Assurance for Essential Patent Claims" includes the

following text: "No license is implied by submission of this Letter of Assurance"; "Submitter:

Legal name: Telefonaktiebolaget LM Ericsson (publ)"; "C. IEEE STANDARD OR PROJECT

(e.g., AMENDMENT, CORRIGENDA, OR REVISION):   In accordance with Clause 6.3.5 of

the *IEEE-SA Standards Board Operations Manual*, this licensing position is limited to the

following:  Standard/Project Number:  IEEE 802.11n  Title: Wireless LAN Medium Access

Control (MAC) and Physical Layer (PHY) Specifications   Amendment 5: Enhancements for

Higher Throughput"; and "

**D. SUBMITTER'S POSITION REGARDING LICENSING OF ESSENTIAL PATENT CLAIMS:**

In accordance with Clause 6 of the *IEEE-SA Standards Board Bylaws*, the Submitter hereby declares the following *(Check box 1 or box 2 below)*:

*Note: Nothing in this Letter of Assurance shall be interpreted as giving rise to a duty to conduct a patent search. The IEEE takes no position with respect to the validity or essentiality of Patent Claims or the reasonableness of rates, terms, and conditions provided in connection with submission of a Letter of Assurance, if any, or in any license agreements offered by the Submitter. To the extent there are inconsistencies between the Letter of Assurance Form and any sample licenses, material licensing terms, or not to exceed rates provided in connection with 1.a. or 1.b. below, the terms of the Letter of Assurance Form shall control.*

[X] 1.   The Submitter may own, control, or have the ability to license Patent Claims that might be or become Essential Patent Claims. With respect to such Essential Patent Claims, the Submitter's licensing position is as follows *(must check a, b, c, or d and any applicable subordinate boxes)*:

    [ ] **a.** The Submitter will grant a license without compensation to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination.

        [ ] (Optional) A sample of such a license (or material licensing terms) that is substantially similar to what the Submitter would offer is attached.

☒ b. The Submitter will grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination.

☐ (Optional) These reasonable rates will not exceed _____ (e.g., percent of product price, flat fee, per unit).

☐ (Optional) A sample of such a license (or material licensing terms) that is substantially similar to what the Submitter would offer is attached.

☐ c. The Submitter without conditions will not enforce any present or future Essential Patent Claims against any person or entity making, using, selling, offering to sell, importing, distributing, or implementing such a compliant implementation.

☐ d. The Submitter is unwilling or unable to grant licenses according to the provisions of either a or b above or to agree that it will not enforce its Essential Patent Claims as described in c above.

☐ 2. After a Reasonable and Good Faith Inquiry, the Submitter is not aware of any Patent Claims that the Submitter may own, control, or have the ability to license that might be or become Essential Patent Claims.

." Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 84 of Samsung's Answer, which are vague and ambiguous, and therefore denies those allegations.

85) Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 85 of Samsung's Answer, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

86) Ericsson admits that it and Samsung previously cross-licensed certain respective patent portfolios in December 2001. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 86 of Samsung's Answer, which are vague and ambiguous, and therefore denies those allegations.

87) Ericsson admits that it initiated litigation against Samsung in 2006. Ericsson admits that it sought an exclusion order with respect to certain Samsung products and other relief after Samsung filed an ITC action against Ericsson. Ericsson denies the remaining allegations of paragraph 87 of Samsung's Answer, at least some of which are vague and ambiguous.

88) Ericsson admits that it and Samsung previously cross-licensed certain respective patent portfolios on June 29, 2007, and Samsung's license expired. Ericsson denies

the remaining allegations of paragraph 88 of Samsung's Answer, at least some of which are vague and ambiguous.

89)   Ericsson admits that it initiated litigation against Samsung in 2012, seeking an exclusion order with respect to certain Samsung products and other relief.  Ericsson denies the remaining allegations of paragraph 89 of Samsung's Answer, at least some of which are vague and ambiguous.

2.      Ericsson admits that it has extended multiple offers to Samsung to renew the license on FRAND terms during the past two years of negotiations between the parties.  Ericsson presently is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the reason "Samsung brings this litigation," and therefore denies those allegations.   Ericsson denies the remaining allegations of paragraph 2 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

3.      The allegations of paragraph 3 are too generalized, vague, and ambiguous to assess, and therefore Ericsson denies the allegations and characterizations of paragraph 3 of Samsung's Counterclaims.

4.      Ericsson admits that it and Samsung previously cross-licensed certain respective patent portfolios in 2001, and again in 2007, and that Samsung made certain payments to Ericsson.  Samsung's license has now expired.  The remaining allegations of paragraph 4 are too generalized, vague, and ambiguous to assess, and therefore Ericsson denies the allegations and characterizations of paragraph 4 of Samsung's Counterclaims.

5.      Ericsson presently is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements by ETSI and therefore denies those allegations.  The remaining allegations of paragraph 5 are too generalized, vague, and ambiguous

to assess, and therefore Ericsson denies the allegations and characterizations of paragraph 5 of Samsung's Counterclaims.

6. Ericsson admits that it and Samsung previously cross-licensed certain respective patent portfolios in 2001, and again in 2007, and that Samsung made certain payments to Ericsson. Ericsson further admits that it has extended multiple offers to Samsung to renew the license on FRAND terms during the past two years of negotiations between the parties. Ericsson denies the remaining allegations of paragraph 6 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

7. Ericsson admits that it owns patented inventions that are essential to the GSM, GPRS, EDGE, WCDMA, LTE and 802.11 wireless standards. Ericsson has repeatedly committed to license standard-essential patents on FRAND terms with respect to certain standards. Ericsson repeats and incorporates by reference its responses in paragraph 1, subparagraph 84) above as though fully set forth herein. Ericsson presently is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Samsung's alleged investment and therefore denies those allegations. Ericsson denies the remaining allegations of paragraph 7 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

8. Ericsson admits that it has extended multiple offers to Samsung to renew the license on FRAND terms during the past two years of negotiations between the parties. Ericsson denies the remaining allegations of paragraph 8 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

9. Ericsson presently is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Samsung's alleged investment and therefore denies

those allegations.   Ericsson denies the remaining allegations of paragraph 9 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous.

10.     Ericsson admits that Samsung purports to state patent infringement allegations against Ericsson, but denies that Samsung is entitled to any relief.  Ericsson denies the remaining allegations of paragraph 10 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

11.     Ericsson admits that Samsung purports to state patent infringement allegations against Ericsson, but denies that Samsung is entitled to any relief.  Ericsson denies the remaining allegations of paragraph 11 of Samsung's Counterclaims.

12.     Ericsson admits that Samsung purports to state breach of contract and promissory estoppel allegations against Ericsson, but denies that Samsung is entitled to any relief.  Ericsson denies the remaining allegations of paragraph 12 of Samsung's Counterclaims.

13.     Ericsson admits that Samsung purports to seek a declaration that certain Ericsson patents are not infringed by Samsung or invalid, or that Samsung has an express or implied license to practice certain patents, but denies that Samsung is entitled to any relief.  Ericsson denies the remaining allegations of paragraph 13 of Samsung's Counterclaims.

**<u>Parties</u>**

14.     Ericsson admits that Defendant Samsung Electronics Co., Ltd. is a corporation organized under the laws of the country of Korea with its principal place of business in Seoul, Korea.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of Samsung's Counterclaims, and denies them accordingly.

15.     On information and belief, Ericsson admits that Defendant Samsung Electronics America, Inc. is a corporation with its principal place of business at 85 Challenger Road,

Ridgefield Park, New Jersey 07660.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of Samsung's Counterclaims, and denies them accordingly.

16.     Ericsson admits that Samsung Telecommunications America, LLC has its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of Samsung's Counterclaims, and denies them accordingly.

17.     Ericsson admits that Ericsson Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6300 Legacy Drive, Plano, Texas 75024. Ericsson states that Telefonaktiebolaget LM Ericsson wholly owns its subsidiary Ericsson Holding II Inc., a Delaware corporation, which in turn wholly owns Ericsson Inc.  To the extent not specifically and expressly admitted, Ericsson denies each and every allegation of paragraph 17 of Samsung's Counterclaims.

18.     Ericsson admits that Telefonaktiebolaget LM Ericsson is a corporation organized and existing under the laws of Sweden, having its principal place of business at Torshamsgatan 23, Kista, 164 83 Stockholm Sweden. To the extent not specifically and expressly admitted, Ericsson denies each and every allegation of paragraph 18 of Samsung's Counterclaims.

## Jurisdiction and Venue

19.     Ericsson admits that Samsung's counterclaims were filed by Samsung purportedly pursuant to 35 U.S.C. § 100 et seq and 28 U.S.C. § 2201 et seq, but denies that such allegations are meritorious and denies the legal sufficiency of Samsung's claims and allegations.  Ericsson denies the remaining allegations of paragraph 19 of Samsung's Counterclaims.

20.     Ericsson admits that, for the purposes of this action only, this Court has subject matter jurisdiction over claims relating to allegations of patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338.   Ericsson denies the remaining allegations of paragraph 20 of Samsung's Counterclaims.

21.     Ericsson admits that venue is appropriate, for purposes of this action only, under 28 U.S.C. §§ 1391 or 1400. Ericsson denies the remaining allegations of paragraph 21 of Samsung's Counterclaims.

22.     For purposes of this action only, Ericsson does not contest personal jurisdiction. Ericsson denies the remaining allegations of paragraph 22 of Samsung's Counterclaims.

### Alleged Factual Background

23.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

24.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

25.     Ericsson denies the allegations of paragraph 25 of Samsung's Counterclaims that are directed at Ericsson.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

26.     Ericsson admits that it has committed to license standard-essential patents on FRAND terms with respect to certain standards. Ericsson admits that it and Samsung previously cross-licensed certain respective patent portfolios in 2001, and again in 2007.  Ericsson denies

the remaining allegations of paragraph 26 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

27.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

28.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

29.     Ericsson admits that certain wireless devices use certain technologies compliant with certain standards.   Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

30.     Ericsson admits that certain wireless device manufacturers are located in different countries.   Ericsson further admits that certain wireless devices contain, among other components, one or more chipsets.   Ericsson further admits that certain companies have participated in standards development for certain wireless communications.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

31.     Ericsson admits that certain standards setting organizations are involved in the development of technical specifications for certain wireless communications.   Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 31 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

32.     Ericsson admits that ETSI and 3GPP are standards-setting organizations responsible for standardization of certain information and communication technologies. Ericsson further admits that it is a member of ETSI and that Samsung is a member of ETSI. Ericsson denies the remaining allegations of paragraph 32 of Samsung's Counterclaims that are directed at Ericsson.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

33.     Ericsson admits that IEEE is a standards-setting organization that has been involved in development of certain standards for communications.  Ericsson admits that it is a member of the IEEE.   Ericsson denies the allegations of paragraph 33 of Samsung's Counterclaims that are directed at Ericsson. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

34.     Ericsson admits that it owns intellectual property relating to technologies related to certain standards.  Ericsson further admits that certain technical standards adopted by certain standards-setting organizations may implicate certain intellectual property and that a license may be required from an intellectual property owner.  Ericsson denies the allegations of paragraph 34 of Samsung's Counterclaims that are directed at Ericsson. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34

of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

35.     Ericsson admits that an ETSI "Intellectual Property Rights Policy" has existed. Ericsson admits that ETSI requires its members to make certain declarations with regard to that member's patents to the extent the patents are essential to compliance with ETSI standards. Ericsson denies the allegations of paragraph 35 of Samsung's Counterclaims that are directed at Ericsson.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

36.     Ericsson admits that a document entitled "IEEE-SA Standards Board Bylaws" contains the text "6. Patents" and "6.2 Policy."  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

37.     Ericsson admits that a document entitled "ETSI Intellectual Property Rights Policy" includes the following text:

> 6.1 When an ESSENTIAL IPR relating to a particular STANDARD or TECHNICAL SPECIFICATION is brought to the attention of ETSI, the Director-General of ETSI shall immediately request the owner to give within three months an irrevocable undertaking in writing that it is prepared to grant irrevocable licences on fair, reasonable and non-discriminatory terms and conditions under such IPR to at least the following extent:
>
> > ● MANUFACTURE, including the right to make or have made customized components and sub-systems to the licensee's own design for use in MANUFACTURE;
> >
> > ● sell, lease, or otherwise dispose of EQUIPMENT so MANUFACTURED;
> >
> > ● repair, use, or operate EQUIPMENT; and
> >
> > ● use METHODS.

Ericsson denies the allegations of paragraph 37 of Samsung's Counterclaims that are directed at Ericsson. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

38.     Ericsson admits that a document entitled "ETSI Intellectual Property Rights Policy" includes the following text:  "8 Non-availability of Licences," "8.1.1 Existence of a viable alternative technology" and "8.1.2 Non-existence of a viable alternative technology." Ericsson denies the allegations of paragraph 38 of Samsung's Counterclaims that are directed at Ericsson. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

39.     Ericsson denies the allegations of paragraph 39 of Samsung's Counterclaims that are directed at Ericsson. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

40.     Ericsson denies the allegations of paragraph 40 of Samsung's Counterclaims that are directed at Ericsson.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

41.     Ericsson denies the allegations of paragraph 41 of Samsung's Counterclaims that are directed at Ericsson.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

42.     Ericsson admits that a document entitled "IEEE-SA Standards Board Bylaws" includes the following text:  "If the IEEE receives notice that a [Proposed] IEEE Standard may require the use of a potential Essential Patent Claim, the IEEE shall request licensing assurance, on the IEEE Standards Board approved Letter of Assurance form, from the patent holder or patent applicant."  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42 of Samsung's Counterclaims, and therefore denies those allegations.

43.     Ericsson admits that a document entitled "IEEE-SA Standards Board Bylaws" includes the following text:

> A Letter of Assurance shall be either:
>
> a) A general disclaimer to the effect that the Submitter without conditions will not enforce any present or future Essential Patent Claims against any person or entity making, using, selling, offering to sell, importing, distributing, or implementing a compliant implementation of the standard; or
>
> b) A statement that a license for a compliant implementation of the standard will be made available to an unrestricted number of applicants on a worldwide basis without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination. At its sole option, the Submitter may provide with its assurance any of the following: (i) a not-to-exceed license fee or rate commitment, (ii) a sample license agreement, or (iii) one or more material licensing terms.

Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43 of Samsung's Counterclaims, and therefore denies those allegations.

44.     Ericsson admits that a document entitled "IEEE-SA Standards Board Bylaws" includes the following text:  "The assurance is irrevocable once submitted and accepted…." Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 of Samsung's Counterclaims, at least some of which are generalized, vague and ambiguous, and therefore denies those allegations.

### Purported Counterclaims

### Counterclaim No. I:

### Alleged Infringement of U.S. Patent No. 7,221,031

45.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

46.     Ericsson admits that United States Patent No. 7,221,031 ("the '031 Patent"), entitled "Semiconductor Device Having Sufficient Process Margin And Method Of Forming Same," lists an issue date of May 22, 2007.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

47.     Ericsson denies the allegations of paragraph 47 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

48.     Ericsson admits that the '031 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 48 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

49.     Ericsson denies the allegations of paragraph 49 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

50.     Ericsson denies the allegations of paragraph 50 of Samsung's Counterclaims.

### Counterclaim No. II:

### Alleged Infringement of U.S. Patent No. 7,342,444

51.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

52.     Ericsson admits that United States Patent No. 7,342,444 ("the '444 Patent"), entitled "Power Amplifying Apparatus Using Asymmetric Power Drive," lists an issue date of March 11, 2008.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

53.     Ericsson denies the allegations of paragraph 53 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

54.     Ericsson admits that the '444 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 54 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

55.     Ericsson denies the allegations of paragraph 55 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

56.     Ericsson denies the allegations of paragraph 56 of Samsung's Counterclaims.

### Counterclaim No. III:

### Alleged Infringement of U.S. Patent No. 8,059,681

57.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

58.     Ericsson admits that United States Patent No. 8,059,681 ("the '681 Patent"), entitled "Method And Apparatus For Transmitting/Receiving Packet In Mobile Communication System," lists an issue date of November 15, 2011.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

59.     Ericsson denies the allegations of paragraph 59 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

60.     Ericsson admits that the '681 Patent is mentioned in Samsung's Counterclaims and that Ericsson is aware of the '681 Patent being identified in an ETSI database.  Ericsson denies the remaining allegations of paragraph 60 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

61.     Ericsson denies the allegations of paragraph 61 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

62.     Ericsson denies the allegations of paragraph 62 of Samsung's Counterclaims.

## Counterclaim No. IV:

## Alleged Infringement of U.S. Patent No. 8,315,195

63.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

64.     Ericsson admits that United States Patent No. 8,315,195 ("the '195 Patent"), entitled "Method And Apparatus For Transmitting And Receiving Control Channels By Restricting A Set of The Control Channels In A Wireless Communication System," lists an issue date of November 20, 2012.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

65.     Ericsson denies the allegations of paragraph 65 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

66.     Ericsson admits that the '195 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 66 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

67.     Ericsson denies the allegations of paragraph 67 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

68.     Ericsson denies the allegations of paragraph 68 of Samsung's Counterclaims.

## Counterclaim No. V:

## Alleged Infringement of U.S. Patent No. 8,331,328

69.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

70.     Ericsson admits that United States Patent No. 8,331,328 ("the '328 Patent"), entitled "Control And Data Signaling In SC-FDMA Communication Systems," lists an issue date of December 11, 2012.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

71.     Ericsson denies the allegations of paragraph 71 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

72.     Ericsson admits that the '328 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 72 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

73.     Ericsson denies the allegations of paragraph 73 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

74.     Ericsson denies the allegations of paragraph 74 of Samsung's Counterclaims.

## Counterclaim No. VI:

## Alleged Infringement of U.S. Reissue Patent No. 44,105

75.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

76.     Ericsson admits that United States Reissue Patent No. 44,105 ("the '105 Patent"), entitled "Apparatus And Method For FT Pre-Coding Of Data To Reduce PAPR In A Multi-Carrier Wireless Network," is indicated as having an issue date of March 26, 2013. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

77.     Ericsson denies the allegations of paragraph 77 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

78.     Ericsson admits that the '105 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the allegations of paragraph 78 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

79.     Ericsson denies the allegations of paragraph 79 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

80.     Ericsson denies the allegations of paragraph 80 of Samsung's Counterclaims.

## Counterclaim No. VII

## Alleged Infringement of U.S. Patent No. 6,941,338

81.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

82.     Ericsson admits that United States Patent No. 6,941,338 ("the '338 Patent"), entitled "Distributed Cache for a Wireless Communication System," lists an issue date of

September 6, 2005.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

83.     Ericsson denies the allegations of paragraph 83 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

84.     Ericsson admits that the '338 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 84 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

85.     Ericsson denies the allegations of paragraph 85 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

86.     Ericsson denies the allegations of paragraph 86 of Samsung's Counterclaims.

## Counterclaim No. VIII

## Alleged Infringement of U.S. Patent No. 6,907,048

87.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

88.     Ericsson admits that United States Patent No. 6,907,048 ("the '048 Patent"), entitled "Method and Apparatus for Transporting Ethernet Data Packets via Radio Frames in a Wireless Metropolitan Area Network," lists an issue date of June 14, 2005.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

89.     Ericsson denies the allegations of paragraph 89 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

90.     Ericsson admits that the '048 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 90 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

91.     Ericsson denies the allegations of paragraph 91 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

92.     Ericsson denies the allegations of paragraph 92 of Samsung's Counterclaims.

## Counterclaim No. IX

## Alleged Infringement of U.S. Patent No. 6,164,129

93.     Ericsson repeats and incorporates by reference its responses in paragraphs 1- 44 above as though fully set forth herein.

94.     Ericsson admits that United States Patent No. 6,164,129 ("the '129 Patent"), entitled "Apparatus and Methods for Monitoring System Environment of Outdoor Base Station," lists an issue date of December 26, 2000.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 94 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

95.     Ericsson denies the allegations of paragraph 95 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

96.     Ericsson admits that the '129 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 96 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

97.     Ericsson denies the allegations of paragraph 97 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

98.     Ericsson denies the allegations of paragraph 98 of Samsung's Counterclaims.

## Counterclaim No. X

## Alleged Infringement of U.S. Patent No. 5,742,595

99.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

100.     Ericsson admits that United States Patent No. 5,742,595 ("the '595 Patent"), entitled "Processing CDMA Signals," lists an issue date of April 21, 1998.. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

101.     Ericsson denies the allegations of paragraph 101 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

102.     Ericsson admits that the '595 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 102 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

103.     Ericsson denies the allegations of paragraph 103 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

104.     Ericsson denies the allegations of paragraph 104 of Samsung's Counterclaims.

## Counterclaim No. XI

## Alleged Infringement of U.S. Patent No. 6,366,570

105.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

106.     Ericsson admits that United States Patent No. 6,366,570 ("the '570 Patent"), entitled "Processing CDMA Signals," lists an issue date of April 2, 2002.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in paragraph 106 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

107.    Ericsson denies the allegations of paragraph 107 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

108.    Ericsson admits that the '570 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 108 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

109.    Ericsson denies the allegations of paragraph 109 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

110.    Ericsson denies the allegations of paragraph 110 of Samsung's Counterclaims.

## Counterclaim No. XII

## Alleged Infringement of U.S. Patent No. 6,999,471

111.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

112.    Ericsson admits that United States Patent No. 6,999,471 ("the '471 Patent"), entitled "Communication Structure for Multiplexed Links," lists an issue date of February 14, 2006.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

113.    Ericsson denies the allegations of paragraph 113 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

114.    Ericsson admits that the '471 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 114 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

115.     Ericsson denies the allegations of paragraph 115 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

116.     Ericsson denies the allegations of paragraph 116 of Samsung's Counterclaims.

## Counterclaim No. XIII

## Alleged Infringement of U.S. Patent No. 7,379,478

117.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

118.     Ericsson admits that United States Patent No. 7,379,478 ("the '478 Patent"), entitled "System and Method for Allocating Power," lists an issue date of May 27, 2008. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 118 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

119.     Ericsson denies the allegations of paragraph 119 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

120.     Ericsson admits that the '478 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 120 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

121.     Ericsson denies the allegations of paragraph 121 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

122.     Ericsson denies the allegations of paragraph 122 of Samsung's Counterclaims.

## Counterclaim No. XIV

## Alleged Infringement of U.S. Patent No. 6,411,825

123.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

124.     Ericsson admits that United States Patent No. 6,411,825 ("the '825 Patent"), entitled "Distributed Architecture for a Base Station Transceiver Subsystem," lists an issue date of June 25, 2002.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 124 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

125.     Ericsson denies the allegations of paragraph 125 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

126.     Ericsson admits that the '825 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 126 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

127.     Ericsson denies the allegations of paragraph 127 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

128.     Ericsson denies the allegations of paragraph 128 of Samsung's Counterclaims.

## Counterclaim No. XV

## Alleged Infringement of U.S. Patent No. 6,801,788

129.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

130.     Ericsson admits that United States Patent No. 6,801,788 ("the '788 Patent"), entitled "Distributed Architecture for a Base Station Transceiver Subsystem Having a Radio Unit that is Remotely Programmable," lists an issue date of October 5, 2004.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 130 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

131.    Ericsson denies the allegations of paragraph 131 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

132.    Ericsson admits that the '788 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 132 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

133.    Ericsson denies the allegations of paragraph 133 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

134.    Ericsson denies the allegations of paragraph 134 of Samsung's Counterclaims.

## Counterclaim No. XVI

## Alleged Infringement of U.S. Patent No. 8,193,047

135.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

136.    Ericsson admits that United States Patent No. 8,193,047 ("the '047 Patent"), entitled "Semiconductor Device Having Sufficient Process Margin And Method Of Forming Same," lists an issue date of June 5, 2012.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 136 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

137.    Ericsson denies the allegations of paragraph 137 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

138.    Ericsson admits that the '047 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 138 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

139.    Ericsson denies the allegations of paragraph 139 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

140.    Ericsson denies the allegations of paragraph 140 of Samsung's Counterclaims.

## Counterclaim No. XVII

## Alleged Infringement of U.S. Patent No. 8,351,380

141.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

142.    Ericsson admits that United States Patent No. 8,351,380 ("the '380 Patent"), entitled "Method And Apparatus For Layer 2 ARQ For Packets," lists an issue date of January 8, 2013.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 142 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

143.    Ericsson denies the allegations of paragraph 143 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

144.    Ericsson admits that the '380 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 144 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

145.    Ericsson denies the allegations of paragraph 145 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

146.    Ericsson denies the allegations of paragraph 146 of Samsung's Counterclaims.

## Counterclaim No. XVIII

## Alleged Infringement of U.S. Patent No. 8,498,255

147.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

148.    Ericsson admits that United States Patent No. 8,498,255 ("the '255 Patent"), entitled "Method For Updating Location Information Of User Equipment," lists an issue date of July 30, 2013.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 148 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

149.    Ericsson admits that a document entitled "Notice of Allowance and Fee(s) Due" and dated May 1, 2013 indicates that it concerns application no. 12/918,252; a document entitled "Issue Notification" and dated June 5, 2013 indicates that it concerns application no. 12/918,252; and documents entitled "Petition to Withdraw Application from Issue," "Request for Continued Examination (RCE) Transmittal" and "Supplemental Information Disclosure Statement" are dated June 5, 2013.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 149 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

150.    Ericsson admits that a document entitled "Request for Continued Examination (RCE) Transmittal" is dated June 5, 2013 and that a document entitled "Notice of Allowance and Fee(s) Due" is dated June 21, 2013.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

151.    Ericsson admits that a document entitled "Certificate of Correction" is dated October 22, 2013.   Ericsson denies the allegations of paragraph 151 of Samsung's Counterclaims regarding alleged infringement, at least some of which are vague and ambiguous.

Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 151 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

152.    Ericsson denies the allegations of paragraph 152 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

153.    Ericsson admits that the '255 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 153 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

154.    Ericsson denies the allegations of paragraph 154 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

155.    Ericsson denies the allegations of paragraph 155 of Samsung's Counterclaims.

**Counterclaim No. XIX**

**Alleged Infringement of U.S. Patent No. 8,520,499**

156.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

157.    Ericsson admits that United States Patent No. 8,520,499 ("the '499 Patent"), entitled "Method, Apparatus, and System For Transmitting And Receiving Information Of An Uncoded Channel In An Orthogonal Frequency Division Multiplexing System," lists an issue date of August 27, 2013.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 157 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

158.    Ericsson denies the allegations of paragraph 158 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

159.    Ericsson admits that the '499 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 159 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

160.    Ericsson denies the allegations of paragraph 160 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

161.    Ericsson denies the allegations of paragraph 161 of Samsung's Counterclaims.

**Counterclaim No. XX**

**Alleged Infringement of U.S. Patent No. 8,520,656**

162.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

163.    Ericsson denies that United States Patent No. 8,520,656 ("the '656 Patent") is entitled "Method And Apparatus For Transmitting And Receiving Control Channels By Restricting A Set Of The Control Channels In A Wireless Communication System," or lists an issue date of November 20, 2012.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 163 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

164.    Ericsson denies the allegations of paragraph 164 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

165.    Ericsson admits that the '656 Patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations of paragraph 165 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

166.    Ericsson denies the allegations of paragraph 166 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

167.    Ericsson denies the allegations of paragraph 167 of Samsung's Counterclaims.

## Counterclaim No. XXI:

## Declaratory Judgment of Non-Infringement & Invalidity of U.S. Patent No. 6,029,052

168.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above and 233-247 herein as though fully set forth herein.

169.    Ericsson admits that it asserts in its complaint a claim against Samsung for infringement of United States Patent No. 6,029,052 ("the '052 Patent").  Upon information and belief, Ericsson admits that a controversy exists between Ericsson and Samsung regarding the '052 Patent.   Ericsson denies the remaining allegations of paragraph 169 of Samsung's Counterclaims.

170.    Ericsson denies the allegations of paragraph 170 of Samsung's Counterclaims.

171.    Ericsson denies the allegations of paragraph 171 of Samsung's Counterclaims.

172.    Ericsson denies the allegations of paragraph 172 of Samsung's Counterclaims.

173.    Ericsson denies the allegations of paragraph 173 of Samsung's Counterclaims.

## Counterclaim No. XXII:

## Declaratory Judgment of Non-Infringement & Invalidity of U.S. Patent No. 6,058,359

174.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above and 233-247 herein as though fully set forth herein.

175.    Ericsson admits that it asserts in its complaint a claim against Samsung for infringement of United States Patent No. 6,058,359 ("the '359 Patent").  Upon information and belief, Ericsson admits that a controversy exists between Ericsson and Samsung regarding the '359 Patent.   Ericsson denies the remaining allegations of paragraph 175 of Samsung's Counterclaims.

176.    Ericsson denies the allegations of paragraph 176 of Samsung's Counterclaims.

177.    Ericsson denies the allegations of paragraph 177 of Samsung's Counterclaims.

178.    Ericsson denies the allegations of paragraph 178 of Samsung's Counterclaims.

179.    Ericsson denies the allegations of paragraph 179 of Samsung's Counterclaims.

**Counterclaim No. XXIII:**

**Declaratory Judgment of Non-Infringement & Invalidity of U.S. Patent No. 6,278,888**

180.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above and 233-247 herein as though fully set forth herein.

181.    Ericsson admits that it asserted in its original complaint a claim against Samsung for infringement of United States Patent No. 6,278,888 ("the '888 Patent").  Ericsson denies the remaining allegations of paragraph 181 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

182.    Ericsson denies the allegations of paragraph 182 of Samsung's Counterclaims.

183.    Ericsson denies the allegations of paragraph 183 of Samsung's Counterclaims.

184.    Ericsson denies the allegations of paragraph 184 of Samsung's Counterclaims.

185.    Ericsson denies the allegations of paragraph 185 of Samsung's Counterclaims.

**Counterclaim No. XXIV:**

**Declaratory Judgment of Non-Infringement & Invalidity of U.S. Patent No. 6,301,556**

186.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above and 233-247 herein as though fully set forth herein.

187.    Ericsson admits that it asserts in its complaint a claim against Samsung for infringement of United States Patent No. 6,301,556 ("the '556 Patent").  Upon information and belief, Ericsson admits that a controversy exists between Ericsson and Samsung regarding the

'556 Patent.   Ericsson denies the remaining allegations of paragraph 187 of Samsung's Counterclaims.

188.    Ericsson denies the allegations of paragraph 188 of Samsung's Counterclaims.

189.    Ericsson denies the allegations of paragraph 189 of Samsung's Counterclaims.

190.    Ericsson denies the allegations of paragraph 190 of Samsung's Counterclaims.

191.    Ericsson denies the allegations of paragraph 191 of Samsung's Counterclaims.

## Counterclaim No. XXV:

## Declaratory Judgment of Non-Infringement & Invalidity of U.S. Patent No. 6,418,310

192.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above and 233-247 herein as though fully set forth herein.

193.    Ericsson admits that it asserts in its complaint a claim against Samsung for infringement of United States Patent No. 6,418, 310 ("the '310 Patent").  Upon information and belief, Ericsson admits that a controversy exists between Ericsson and Samsung regarding the '310 Patent.   Ericsson denies the remaining allegations of paragraph 193 of Samsung's Counterclaims.

194.    Ericsson denies the allegations of paragraph 194 of Samsung's Counterclaims.

195.    Ericsson denies the allegations of paragraph 195 of Samsung's Counterclaims.

196.    Ericsson denies the allegations of paragraph 196 of Samsung's Counterclaims.

197.    Ericsson denies the allegations of paragraph 197 of Samsung's Counterclaims.

## Counterclaim No. XXVI:

## Declaratory Judgment of Non-Infringement & Invalidity of U.S. Patent No. 6,519,223

198.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above and 233-247 herein as though fully set forth herein.

199.    Ericsson admits that it asserts in its complaint a claim against Samsung for infringement of United States Patent No. 6,519,223 ("the '223 Patent").  Upon information and belief, Ericsson admits that a controversy exists between Ericsson and Samsung regarding the '223 Patent.  Ericsson denies the remaining allegations of paragraph 199 of Samsung's Counterclaims.

200.    Ericsson denies the allegations of paragraph 200 of Samsung's Counterclaims.

201.    Ericsson denies the allegations of paragraph 201 of Samsung's Counterclaims.

202.    Ericsson denies the allegations of paragraph 202 of Samsung's Counterclaims.

203.    Ericsson denies the allegations of paragraph 203 of Samsung's Counterclaims.

**Counterclaim No. XXVII:**

**Declaratory Judgment of Non-Infringement & Invalidity of U.S. Patent No. 6,624,832**

204.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above and 233-247 herein as though fully set forth herein.

205.    Ericsson admits that it asserts in its complaint a claim against Samsung for infringement of United States Patent No. 6,624,832 ("the '832 Patent").  Upon information and belief, Ericsson admits that a controversy exists between Ericsson and Samsung regarding the '832 Patent.  Ericsson denies the remaining allegations of paragraph 205 of Samsung's Counterclaims.

206.    Ericsson denies the allegations of paragraph 206 of Samsung's Counterclaims.

207.    Ericsson denies the allegations of paragraph 207 of Samsung's Counterclaims.

208.    Ericsson denies the allegations of paragraph 208 of Samsung's Counterclaims.

209.    Ericsson denies the allegations of paragraph 209 of Samsung's Counterclaims.

**Counterclaim No. XXVIII:**

**Declaratory Judgment of Non-Infringement & Invalidity of U.S. Patent No. 6,772,215**

210.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above and 233-247 herein as though fully set forth herein.

211.     Ericsson admits that it asserts in its complaint a claim against Samsung for infringement of United States Patent No. 6,772,215 ("the '215 Patent").  Upon information and belief, Ericsson admits that a controversy exists between Ericsson and Samsung regarding the '215 Patent.  Ericsson denies the remaining allegations of paragraph 211 of Samsung's Counterclaims.

212.     Ericsson denies the allegations of paragraph 212 of Samsung's Counterclaims.

213.     Ericsson denies the allegations of paragraph 213 of Samsung's Counterclaims.

214.     Ericsson denies the allegations of paragraph 214 of Samsung's Counterclaims.

215.     Ericsson denies the allegations of paragraph 215 of Samsung's Counterclaims.

**Counterclaim No. XXIX:**

**Declaratory Judgment of Non-Infringement & Invalidity of U.S. Patent No. 6,445,917**

216.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above and 233-247 herein as though fully set forth herein.

217.     Ericsson admits that it asserts in its complaint a claim against Samsung for infringement of United States Patent No. 6,445,917 ("the '917 Patent").  Upon information and belief, Ericsson admits that a controversy exists between Ericsson and Samsung regarding the '917 Patent.  Ericsson denies the remaining allegations of paragraph 217 of Samsung's Counterclaims.

218.     Ericsson denies the allegations of paragraph 218 of Samsung's Counterclaims.

219.    Ericsson denies the allegations of paragraph 219 of Samsung's Counterclaims.

220.    Ericsson denies the allegations of paragraph 220 of Samsung's Counterclaims.

221.    Ericsson denies the allegations of paragraph 221 of Samsung's Counterclaims.

## Counterclaim No. XXX:

## Declaratory Judgment of Non-Infringement & Invalidity of U.S. Patent No. 6,473,506

222.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above and 233-247 herein as though fully set forth herein.

223.    Ericsson admits that it asserts in its complaint a claim against Samsung for infringement of United States Patent No. 6,473,506 ("the '506 Patent").  Upon information and belief, Ericsson admits that a controversy exists between Ericsson and Samsung regarding the '506 Patent.   Ericsson denies the remaining allegations of paragraph 223 of Samsung's Counterclaims.

224.    Ericsson denies the allegations of paragraph 224 of Samsung's Counterclaims.

225.    Ericsson denies the allegations of paragraph 225 of Samsung's Counterclaims.

226.    Ericsson denies the allegations of paragraph 226 of Samsung's Counterclaims.

227.    Ericsson denies the allegations of paragraph 227 of Samsung's Counterclaims.

## Counterclaim No. XXXI:

## Declaratory Judgment of Non-Infringement & Invalidity of U.S. Patent No. 8,169,992

228.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above and 233-247 herein as though fully set forth herein.

229.    Ericsson admits that it asserts in its complaint a claim against Samsung for infringement of United States Patent No. 8,169,992 ("the '992 Patent").  Upon information and belief, Ericsson admits that a controversy exists between Ericsson and Samsung regarding the

'992 Patent.   Ericsson denies the remaining allegations of paragraph 229 of Samsung's Counterclaims.

229.    Ericsson denies the allegations of paragraph 230 of Samsung's Counterclaims.

231.    Ericsson denies the allegations of paragraph 231 of Samsung's Counterclaims.

232.    Ericsson denies the allegations of paragraph 232 of Samsung's Counterclaims.

## Counterclaim No. XXXII:

## Alleged Breach of Contract

233.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 above as though fully set forth herein.

234.    Ericsson admits that it has committed to license its standard-essential patents on FRAND terms with respect to certain standards.  Ericsson denies the remaining allegations of paragraph 234 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

235.    Ericsson admits that it is seeking relief from Samsung as set forth in Ericsson's pleadings.  Ericsson denies the allegations of paragraph 235 of Samsung's Counterclaims that are directed at Ericsson. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 235 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

236.    Ericsson admits that Samsung states that Samsung is not seeking any monetary damages relating to any purported breach of FRAND obligations.   Ericsson denies the remaining allegations of paragraph 236 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

## Counterclaim No. XXXIII:

## Alleged Promissory Estoppel

237.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 and 233-236 above as though fully set forth herein.

238.    Ericsson repeats and incorporates by reference its responses in paragraph 1, subparagraph 84) above as though fully set forth herein.   Ericsson denies the remaining allegations of paragraph 238 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

239.    Ericsson denies the allegations of paragraph 239 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

240.    Ericsson denies the allegations of paragraph 240 of Samsung's Counterclaims that are directed at Ericsson.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 240 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

241.    Ericsson denies the allegations of paragraph 241 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

242.    Ericsson admits that it is seeking relief from Samsung as set forth in Ericsson's pleadings.  Ericsson denies the allegations of paragraph 242 of Samsung's Counterclaims that are directed at Ericsson. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 242 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

**Counterclaim No. XXXIV:**

**Declaratory Judgment that Samsung is Licensed to Practice Ericsson's Patents**

243.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-44 and 233-242 above as though fully set forth herein.

244.    Ericsson admits that Qualcomm entered into a license agreement with Ericsson by which Qualcomm received certain rights related to certain Ericsson patents.  Ericsson denies the remaining allegations of paragraph 244 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

245.    Ericsson admits that ST-Ericsson has obtained from Ericsson certain rights to certain Ericsson patents.  Ericsson denies the remaining allegations of paragraph 245 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

246.    Ericsson admits that it is seeking relief from Samsung as set forth in Ericsson's pleadings.  Ericsson denies the remaining allegations of paragraph 246 of Samsung's Counterclaims that are directed at Ericsson. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 246 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

247.    Ericsson denies the allegations of paragraph 247 of Samsung's Counterclaims.

**ALLEGED EXCEPTIONAL CASE**

248.    Ericsson denies the allegations of paragraph 248 of Samsung's Counterclaims.

## RESPONSE TO DEFENDANT/COUNTERCLAIM PLAINTIFF SAMSUNG'S PRAYER FOR RELIEF

Ericsson denies that Samsung is entitled to any relief whatsoever from Ericsson as prayed for in Samsung's Third Amended Answer & Counterclaims, denies that Samsung is entitled to an injunction, and denies that Samsung is entitled any other relief.

## ERICSSON'S AFFIRMATIVE DEFENSES

Ericsson asserts the following defenses in response to the allegations in Samsung's Counterclaims.  Ericsson's inclusion of these defenses is not a concession that Ericsson bears the burden of proof with respect to any of these defenses. Ericsson reserves the right to supplement, modify, and/or amend these defenses and to take further positions as discovery proceeds.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

249.    Ericsson has not directly infringed, indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of any of the patents Samsung asserts in its Third Amended Answer & Counterclaims:   U.S. Patent Nos. 5,742,595,   6,164,129, 6,366,570, 6,411,825, 6,801,788, 6,907,048, 6,941,338, 6,999,471, 7,379,478, 8,193,047, 8,351,380, 8,498,255, 8,520,499, 8,520,656, 7,221,031, 7,342,444, 8,059,681, 8,315,195, 8,331,328 and Reissue 44,105 (Samsung's "Asserted Patents"), and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

250.    Samsung has not met its burden of proof to show infringement of any of the Asserted Patents in its Third Amended Answer & Counterclaims and will be unable to meet its burden of proof to show infringement of any of the Asserted Patents.

251.    Ericsson has not (i) directly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents; (ii) contributed to the

infringement by others, either literally or under the doctrine of equivalents, of any valid and enforceable claim of the Asserted Patents; or (iii) induced the infringement, either literally or under the doctrine of equivalents, of any valid and enforceable claim of the Asserted Patents.

252.    The asserted claims of the Asserted Patents are not entitled to any construction that would cover any product made, used, sold, offered for sale, or imported into the United States or any method practiced by Ericsson.  Ericsson does not infringe any of the Asserted Patents, either directly or indirectly, literally or by equivalents, at least because the accused products do not meet every limitation of any of the asserted claims, the asserted claims are invalid or unenforceable, and/or Ericsson has certain rights arising from various doctrines, including unclean hands and estoppel.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

253.    The asserted claims of the Asserted Patents are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*., including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

254.    The asserted claims are limited by the text of the Asserted Patents, their prosecution histories, and/or the prior art such that Samsung is estopped or otherwise precluded from asserting that Ericsson has infringed, directly or indirectly, any claim of the Asserted Patents, either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
### (Government Sales)

255.     Samsung's remedies, if any, are limited under 28 U.S.C. § 1498(a).

## FIFTH AFFIRMATIVE DEFENSE
### (Breach of FRAND Obligation, Breach of Contract, Estoppel, Patent Misuse, Unclean Hands, Unenforceability, Waiver)

256.     Ericsson repeats and incorporates by reference paragraphs 1-14 of its First Amended Complaint (Dkt. No. 13) and the allegations in Ericsson's breach of contract and estoppel counterclaims (paragraphs 47-65 below) as though fully set forth herein.

257.     Samsung claims infringement of certain patents that are alleged to be essential to, or have been declared by Samsung as essential to, compliance with one or more telecommunication standards that have been promulgated by standard setting organizations, including ETSI and/or 3GPP (collectively, "Asserted Samsung Essential Patents").

258.     ETSI, which participated in developing the LTE wireless standards, requires its members to make certain declarations with regard to that member's patents to the extent the patents are essential to compliance with ETSI standards. *See, e.g.*, ETSI Rules of Procedure, Annex 6: ETSI Intellectual Property Rights Policy, Clauses 4.1, 6.1 and 12 ("The POLICY shall be governed by the laws of France."); *Id.*, Annex 6 - Appendix A: IPR Licensing Declaration forms. Samsung has declared to ETSI and its members that it will agree to grant licenses for the Asserted Samsung Essential Patents on terms that are fair, reasonable, and non-discriminatory ("FRAND").[2]

259.     Samsung's FRAND commitment is a contractually binding commitment that can be enforced by Ericsson as a third-party beneficiary.

---

[2] Individual members of the 3rd Generation Partnership Project ("3GPP") such as Samsung agree to be bound by the intellectual property rights ("IPR") policy of ETSI when working within 3GPP.

260.    Relying on the IPR policies of ETSI and/or 3GPP and on patent owner obligations under these policies, the SSOs and others, including Ericsson, adopted various technologies into the technical standards that were being developed.

261.    As a member and participant in these SSOs, Ericsson relied on the IPR policies of ETSI and 3GPP to ensure that it would have the ability to obtain licenses to standard essential patents on FRAND terms before developing and investing in products and technologies that may practice the standard. For example, Ericsson has made substantial investments in the design, manufacture, launch and continued innovation of these products and technologies.

262.    Samsung has breached its agreements with standard setting organizations such as ETSI by failing to offer Ericsson a license to the Asserted Samsung Essential Patents on FRAND terms. Samsung has violated ETSI policy by refusing to grant Ericsson a license to the Asserted Samsung Essential Patents even though Ericsson has submitted a declaration to ETSI committing to offer a license to Ericsson standard-essential patents on FRAND terms. Samsung has refused to offer a license under the Asserted Samsung Essential Patents to Ericsson unless Ericsson, in return, offers Samsung a license to Ericsson's standard essential patents at a royalty rate far less than Ericsson's FRAND rate.

263.    Samsung has been a licensee of Ericsson since 2001. The 2001 agreement was a cross license between Ericsson and Samsung with a five year term and terminated in 2006. Ericsson and Samsung renewed their agreement in 2007, retroactive to 2006.

264.    Both before and after expiration of the 2007 agreement, Ericsson repeatedly offered Samsung to renew a license at a royalty rate similar to the effective royalty rate Samsung had agreed to in its prior license with Ericsson. The royalty rate Ericsson offered Samsung was consistent with the rate that other, similarly situated companies have agreed to with Ericsson.

However, Samsung rejected Ericsson's offers and has consistently refused to grant Ericsson a license to the Asserted Samsung Essential Patents unless Ericsson reduces its offered rate to an unreasonably low level.

265.    Samsung's failures to comply with its FRAND commitments constitute a breach of contract, which Ericsson has standing to assert as a third party beneficiary.

266.    Additionally, Samsung's failure to comply with its FRAND commitments estops Samsung from enforcing its Asserted Samsung Essential Patents against Ericsson.

267.    Also, Samsung's failure to comply with its FRAND commitments constitutes patent misuse and unclean hands, which preclude Samsung from asserting some or all of the Asserted Patents and obtaining any remedy in this suit.

268.    Accordingly, Samsung's claims as they relate to some or all of the Asserted Patents are unenforceable and barred in whole or in part by reason of estoppel, patent misuse, unclean hands, waiver, and/or other equitable doctrines based on Samsung's failure to comply with its contractual obligations and commitments to ETSI and/or 3GPP, members thereof and third parties.

269.    Samsung is in breach of its obligations and promises and should be barred from seeking relief here, at the ITC, or any other forum for Ericsson's alleged infringement of the purportedly standards-essential patents. Therefore, Samsung should be estopped from pursuing and has waived such claims against Ericsson on some or all of the Asserted Patents.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

270.    Samsung lacks standing to assert the Asserted Patents.

### SEVENTH AFFIRMATIVE DEFENSE
### (Patent Exhaustion, License, Covenant Not to Sue)

271.     Samsung's claims are barred in whole or in part pursuant to a covenant not to sue, an express and/or implied license, and/or the doctrine of patent exhaustion.

272.     On information and belief, and by way of example without limitation, Samsung's rights in one or more of the Asserted Patents are exhausted as to Ericsson and Ericsson has an express or implied license to practice those patents.

273.     Upon information and belief, Samsung has joint development agreements and/or patent cross licenses with a variety of chip suppliers that have received, among other things, certain rights related to the Asserted Patents. Upon information and belief, because of these and similar agreements, the sale of integrated circuits or other components by Samsung licensees to Ericsson exhausts Samsung's alleged rights under the Asserted Patents and use by Ericsson cannot infringe one or more of the Asserted Patents.

274.     Upon information and belief, Ericsson has rights arising from its use of components from Samsung licensees in certain Ericsson products.  Upon information and belief, Ericsson has an express or implied license to manufacture, use, import, and sell electronic devices incorporating licensed components under the Asserted Patents.

275.     Further, upon information and belief, under the doctrine of patent exhaustion, the purchase by Ericsson of the licensed components from Samsung licensees exhausts Samsung's alleged rights under the Asserted Patents.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

276.     Ericsson incorporates the allegations set forth in paragraphs 256-275 above. In light of at least these facts, Samsung's Third Amended Answer & Counterclaims fails to state a claim upon which relief can be granted.

**NINTH AFFIRMATIVE DEFENSE**
**(Statutory Damages Limitations)**

277.   Any recovery for alleged infringement of the Asserted Patents, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286 and 287.

### TENTH AFFIRMATIVE DEFENSE
### (Other Defenses)

278.   Ericsson reserves the right to amend its Answer, Affirmative Defenses and Counterclaims to Samsung's Third Amended Answer, Affirmative Defenses and Counterclaims to include other affirmative defenses, including any that Ericsson may learn of during the course of this suit.

### ERICSSON'S COUNTERCLAIMS

As its counterclaims against Defendants/Counterclaimant Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Defendants" or "Samsung"), Plaintiff/Counterclaim Defendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"), demand a trial by jury on all claims so triable and allege as follows:

### Background

1.   Ericsson repeats and realleges the allegations in paragraphs 1-10 of its First Amended Complaint (Dkt. No. 13) as though fully set forth herein.[3]

### Ericsson

2.   Ericsson repeats and realleges the allegations in paragraphs 11-14 of its First Amended Complaint as though fully set forth herein.

### The Defendants

---

[3] References to "Samsung" or "Defendants" incorporated herein from Ericsson's complaint refer to Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC.

3.      Ericsson repeats and realleges the allegations in paragraphs 15-16 of its First Amended Complaint as though fully set forth herein.

4.      On information and belief, Defendant Samsung Telecommunications America, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 1301 E. Lookout Drive, Richardson, Texas 75082.  On information and belief, Samsung Telecommunications America, LLC manufactures, imports into the United States, sells and/or offers for sale in the United States telephones, base stations, televisions, computers, Blu-Ray players, cameras, media players and other devices for use in a mobile communications network or a wireless LAN.  In addition, on information and belief, Samsung Telecommunications America, LLC telephones, base stations, televisions, computers, Blu-Ray players, cameras, media players and other devices for use in a mobile communications network or wireless LAN are marketed, offered for sale, and/or sold throughout the United States, including within this District.   On information and belief, Samsung Telecommunications America, LLC can be served with process by serving its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### Jurisdiction and Venue

5.      Ericsson repeats and realleges the allegations in paragraphs 18-20 of its First Amended Complaint as though fully set forth herein.

6.      This action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq* and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

7.      This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202.  This Court has supplemental jurisdiction over the state-law claims asserted in this action under 28 U.S.C. § 1367.  The federal and state law claims asserted

in this action rise from a common nucleus of operative fact.  This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 over Ericsson's breach of contract and estoppel claims. Venue is appropriate in this judicial district under 28 U.S.C. §§ 1391 and 1400.

8.      Samsung has consented to personal jurisdiction by asserting its purported counterclaims in this judicial district, as set forth in its Third Amended Answer & Counterclaims.

## The Patents

9.      Ericsson repeats and realleges the allegations in paragraphs 21-31 of its First Amended Complaint as though fully set forth herein.

10.     United States Letters Patent No. 6,029,125 ("the '125 Patent"), entitled "Reducing Sparseness In Coded Speech Signals," was duly and legally issued to inventors Roar Hagen, Björn Stig, Erik Johansson, Erik Ekudden, and Willem Baastian Kleijn on February 22, 2000.  Ericsson owns by assignment the entire right, title, and interest in the '125 Patent, and is entitled to sue for past and future infringement.

11.     United States Letters Patent No. 6,031,832 ("the '832 Patent"), entitled "Method And Apparatus for Improving Performance Of A Packet Communications System," was duly and legally issued to inventor Dalibor Turina on February 29, 2000.  Ericsson owns by assignment the entire right, title, and interest in the '832 Patent, and is entitled to sue for past and future infringement.

12.     United States Letters Patent No. 6,070,078 ("the '078 Patent"), entitled "Reduced Global Positioning System Receiver Code Shift Search Space For A Cellular Telephone System," was duly and legally issued to inventors William O. Camp, Jr., Pambiz Zangi, and Rajaram Ramesh on May 30, 2000.  Ericsson owns by assignment the entire right, title, and interest in the '078 Patent, and is entitled to sue for past and future infringement.

13.     United States Letters Patent No. 6,418,130 ("the '130 Patent"), entitled "Reuse of Security Associations For Improving Hand-Over Performance," was duly and legally issued to inventors Yi Cheng, Lars Björup, Martin Jakob Rinman, and Karl Dan Gustav Jerrestam on July 9, 2002.  Ericsson owns by assignment the entire right, title, and interest in the '130 Patent, and is entitled to sue for past and future infringement.

14.     United States Letters Patent No. 7,149,510 ("the '510 Patent"), entitled "Security Access Manager In Middleware," was duly and legally issued to inventors Jonas Hansson and Björn Bjäre on December 12, 2006.  Ericsson owns by assignment the entire right, title, and interest in the '510 Patent, and is entitled to sue for past and future infringement.

15.     United States Letters Patent No. 7,286,823 ("the '823 Patent"), entitled "Mobile Multimedia Engine," was duly and legally issued to inventors Mikael Reinholdsson, Erik Ledfelt, and Johan Svenér on October 23, 2007.  Ericsson owns by assignment the entire right, title, and interest in the '823 Patent, and is entitled to sue for past and future infringement.

16.     United States Letters Patent No. 8,023,990 ("the '990 Patent"), entitled "Uplink Scheduling In A Cellular System," was duly and legally issued to inventor Stefan Parkvall on September 20, 2011.  Ericsson owns by assignment the entire right, title, and interest in the '990 Patent, and is entitled to sue for past and future infringement.

17.     United States Letters Patent No. 8,214,710 ("the '710 Patent"), entitled "Uplink Scheduling In A Cellular System," was duly and legally issued to inventors Mats Fredrik Sågfors and Per Johan Torsner on July 3, 2012.  Ericsson owns by assignment the entire right, title, and interest in the '710 Patent, and is entitled to sue for past and future infringement.

**Factual Background**

18.     Ericsson repeats and realleges the allegations in paragraphs 32-34 of its First Amended Complaint as though fully set forth herein.

19.    The '125, '832, '078, '130, '510, '823, '990, and '710 Patents (collectively, the "Ericsson Counterclaim Patents") cover inventions relating to telephones, base stations, computers, media players, cameras, and other devices for use in a wireless network.

20.    The Defendants have made, used, imported into the United States, marketed, offered for sale and/or sold in the United States, telephones, base stations, televisions, computers, media players, Blu-Ray players, cameras, and other devices for use in a wireless network that infringe the Ericsson Counterclaim Patents, or induce or contribute to the infringement of the Ericsson Counterclaim Patents by others.

21.    The Defendants have been placed on actual notice of the Ericsson Counterclaim Patents.  At minimum, the filing of these counterclaims also constitutes notice in accordance with 35 U.S.C. § 287.  Despite such notice, the Defendants continue to import into, market, make, use, offer for sale and/or sell in the United States products that infringe the Ericsson Counterclaim Patents.  In addition, Samsung has previously licensed one or more of the Ericsson Counterclaim Patents, and in its renewal negotiations Ericsson has given Samsung renewed notice of infringement.

### Counterclaim Counts 1-11

22.    Ericsson repeats and realleges the allegations in paragraphs 1-21 of its counterclaims above and in paragraphs 35-67 of its First Amended Complaint (Dkt. No. 13 (Counts I - XI for patent infringement)) as though fully set forth herein.

### Counterclaim Count 12:

### Claim for Patent Infringement of U.S. Patent No. 6,029,125

23.    Ericsson repeats and realleges the allegations in paragraphs 1-21 of its counterclaims above as though fully set forth herein.

-54-

24.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '125 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '125 Patent including, but not limited to, cellular telephones, tablet computers, cameras and/or other devices with wireless capabilities, components thereof and products containing the same. The accused wireless communication devices that infringe the one or more claims of the '125 Patent include, but are not limited to, at least the at least the accused instrumentalities identifed in Ericsson's infringement contentions.  *See, e.g.*, Plaintiff Ericsson's P.R. 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions.   .   Further discovery may reveal additional infringing products and/or models.

25.     Defendants' infringement of the '125 Patent has been willful. Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '125 Patent and did so with intent to encourage direct infringement. Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '125 Patent.   The '125 Patent, *inter alia*, was presented to Samsung during licensing negotiations before the filing of this lawsuit.  Further, the '125 Patent, *inter alia*, was at issue between the parties in *Ericsson Inc. et al. v. Samsung Electronics Co., Ltd. et al.*, Case No. 2:06-cv-0063 (E.D. Tex.), which was filed in 2006.  Defendants' continued infringement of the '125 Patent has damaged and will continue to damage Ericsson.

## Counterclaim Count 13:

## Claim for Patent Infringement of the U.S. Patent No. 6,031,832

26.     Ericsson repeats and realleges the allegations in paragraphs 1-21 of its counterclaims above as though fully set forth herein.

27.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '832 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '832 Patent including, but not limited to, cellular telephones, tablet computers, cameras, base stations and/or other devices with wireless capabilities, components thereof and products containing the same. The accused wireless communication devices that infringe the one or more claims of the '832 Patent include, but are not limited to, at least the accused instrumentalities identifed in Ericsson's infringement contentions.  *See, e.g.*, Plaintiff Ericsson's P.R. 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions.  .  Further discovery may reveal additional infringing products and/or models.

28.     Defendants' infringement of the '832 Patent has been willful. Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '832 Patent and did so with intent to encourage direct infringement. Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '832 Patent.  Defendants' continued infringement of the '832 Patent has damaged and will continue to damage Ericsson.

**Counterclaim Count 14:**

**Claim for Patent Infringement of the U.S. Patent No. 6,070,078**

29.     Ericsson repeats and realleges the allegations in paragraphs 1-21 of its counterclaims above as though fully set forth herein.

30.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '078 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the

United States, products and/or methods covered by one or more claims of the '078 Patent including, but not limited to, cellular telephones, tablet computers, media players, cameras and/or other devices with wireless capabilities, components thereof and products containing the same. The accused wireless communication devices that infringe the one or more claims of the '078 Patent include, but are not limited to, at least the accused instrumentalities identifed in Ericsson's infringement contentions. *See, e.g.*, Plaintiff Ericsson's P.R. 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions..   Further discovery may reveal additional infringing products and/or models.

31.     Defendants' infringement of the '078 Patent has been willful. Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '078 Patent and did so with intent to encourage direct infringement. Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '078 Patent.  Defendants' continued infringement of the '078 Patent has damaged and will continue to damage Ericsson.

## Counterclaim Count 15:

### Claim for Patent Infringement of the U.S. Patent No. 6,418,130

32.     Ericsson repeats and realleges the allegations in paragraphs 1-21 of its counterclaims above as though fully set forth herein.

33.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '130 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '130 Patent including, but not limited to, cellular telephones, tablet computers, cameras, base stations and/or other devices with wireless capabilities, components thereof and products containing the same.

The accused wireless communication devices that infringe the one or more claims of the '130 Patent include, but are not limited to, at least the accused instrumentalities identifed in Ericsson's infringement contentions.  *See, e.g.*, Plaintiff Ericsson's P.R. 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions..   Further discovery may reveal additional infringing products and/or models.

34.      Defendants' infringement of the '130 Patent has been willful. Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '130 Patent and did so with intent to encourage direct infringement. Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '130 Patent.  Defendants' continued infringement of the '130 Patent has damaged and will continue to damage Ericsson.

## Counterclaim Count 16:

## Claim for Patent Infringement of the U.S. Patent No. 7,149,510

35.      Ericsson repeats and realleges the allegations in paragraphs 1-21 of its counterclaims above as though fully set forth herein.

36.      Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '510 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '510 Patent including, but not limited to, cellular telephones, tablet computers, media players, cameras and/or other devices with wireless capabilities, components thereof and products containing the same. The accused wireless communication devices that infringe the one or more claims of the '510 Patent include, but are not limited to, at least the accused instrumentalities identifed in Ericsson's infringement contentions.  *See, e.g.*, Plaintiff Ericsson's P.R. 3-1 and 3-2 Disclosure

of Asserted Claims and Infringement Contentions.  Further discovery may reveal additional infringing products and/or models.

37.     Defendants' infringement of the '510 Patent has been willful. Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '510 Patent and did so with intent to encourage direct infringement. Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '510 Patent.  Defendants' continued infringement of the '510 Patent has damaged and will continue to damage Ericsson.

### Counterclaim Count 17:

### Claim for Patent Infringement of the U.S. Patent No. 7,286,823

38.     Ericsson repeats and realleges the allegations in paragraphs 1-21 of its counterclaims above as though fully set forth herein.

39.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '823 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '823 Patent including, but not limited to, cellular telephones, tablet computers, media players, cameras and/or other devices with wireless capabilities, components thereof and products containing the same. The accused wireless communication devices that infringe the one or more claims of the '823 Patent include, but are not limited to, at least the accused instrumentalities identifed in Ericsson's infringement contentions.  *See, e.g.*, Plaintiff Ericsson's P.R. 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions.  Further discovery may reveal additional infringing products and/or models.

40.     Defendants' infringement of the '823 Patent has been willful. Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '823 Patent and did so with intent to encourage direct infringement. Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '823 Patent.  Defendants' continued infringement of the '823 Patent has damaged and will continue to damage Ericsson.

**Counterclaim Count 18:**

**Claim for Patent Infringement of the U.S. Patent No. 8,023,990**

41.     Ericsson repeats and realleges the allegations in paragraphs 1-21 of its counterclaims above as though fully set forth herein.

42.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '990 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '990 Patent including, but not limited to, cellular telephones, tablet computers, cameras, base stations and/or other devices with wireless capabilities, components thereof and products containing the same. The accused wireless communication devices that infringe the one or more claims of the '990 Patent include, but are not limited to, at least the accused instrumentalities identifed in Ericsson's infringement contentions.  *See, e.g.*, Plaintiff Ericsson's P.R. 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions.  Further discovery may reveal additional infringing products and/or models.

43.     Defendants' infringement of the '990 Patent has been willful. Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '990 Patent and did so with intent to encourage direct infringement.

Defendants' continued infringement of the '990 Patent has damaged and will continue to damage Ericsson.

## Counterclaim Count 19:

## Claim for Patent Infringement of the U.S. Patent No. 8,214,710

44.    Ericsson repeats and realleges the allegations in paragraphs 1-21 of its counterclaims above as though fully set forth herein.

45.    Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '710 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '710 Patent including, but not limited to, cellular telephones, tablet computers, cameras, base stations and/or other devices with wireless capabilities, components thereof and products containing the same. The accused wireless communication devices that infringe the one or more claims of the '710 Patent include, but are not limited to, at least the accused instrumentalities identifed in Ericsson's infringement contentions. *See, e.g.*, Plaintiff Ericsson's P.R. 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions.  Further discovery may reveal additional infringing products and/or models.

46.    Defendants' infringement of the '710 Patent has been willful. Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '710 Patent and did so with intent to encourage direct infringement. Defendants' continued infringement of the '710 Patent has damaged and will continue to damage Ericsson.

## Counterclaim Count 20:

## Breach of Contract[4]

47.     Ericsson repeats and realleges the allegations in paragraphs 256-269 of its affirmative defenses above and paragraphs 1-21 of its counterclaims above as though fully set forth herein.

48.     Samsung is a member of the European Telecommunications Standards Institute ("ETSI") and the Third Generation Partnership Project ("3GPP"), which are standards-setting organizations responsible for standardization of information and communication technologies for the benefit of their members and third parties.

49.     Samsung Electronics has declared, asserted and/or otherwise represented to ETSI that certain of Samsung Electronics's patents are essential to compliance with standards promulgated by ETSI and 3GPP ("Samsung Electronics's Allegedly Standard-Essential Patents").

50.     As a member of ETSI, and to comply with ETSI's Intellectual Property Rights ("IPR") Policy, Samsung Electronics represented to ETSI, ETSI members, and third parties that it would grant irrevocable licenses to certain of Samsung Electronics's patents, including but not limited to Samsung Electronics's Allegedly Standard-Essential Patents on FRAND terms and conditions.   The ETSI IPR Policy specifies that it "shall be governed by the laws of France."  Clause 12.  As a member of 3GPP, Samsung is bound to comply with the ETSI IPR Policy in regard to any patents essential to 3GPP standards.

---

[4] In Civil Action No. 6:12-CV-895, also pending before this Court, Ericsson asserts other claims and counterclaims involving Samsung's FRAND obligations.   To the extent Ericsson's claims and counterclaims overlap in the two cases, Ericsson notes that Samsung also asserts overlapping counterclaims in both cases based on alleged FRAND obligations.

51.     Samsung Electronics's ETSI membership and other activities, including the declarations it made to comply with ETSI's IPR Policy, created an express and/or implied contract with ETSI, ETSI members, and/or third parties that Samsung Electronics would license its patents on FRAND terms and conditions for certain of Samsung Electronics's patents, including but not limited to Samsung Electronics's Allegedly Standard-Essential Patents.

52.     Samsung Electronics has refused to grant Ericsson a license to certain of Samsung Electronics's patents, including but not limited to Samsung Electronics's Allegedly Standard-Essential Patents on FRAND terms and conditions.

53.     With respect to any of Samsung Electronics's patent(s) declared, asserted, represented or otherwise found to be standard-essential, Samsung Electronics's refusal constitutes a breach of its contractual obligations to 2G and 3G standard bodies, including ETSI and 3GPP, to members thereof, and to third parties.  Ericsson is a third party beneficiary of this promise and has standing to sue for its breach.  Samsung Electronics's breach deprives members and third parties of licenses thereto.

54.     As a proximate result of Samsung Electronics's breach, Ericsson has incurred damages and will be further damaged in the future.

## Counterclaim Count 21:

## Equitable Estoppel

55.     Ericsson repeats and realleges the allegations in paragraphs 256-269 of its affirmative defenses above and paragraphs 1-21 and 47-54 of its counterclaims above as though fully set forth herein.

56.     In the course of its participation in ETSI, Samsung Electronics represented to ETSI, ETSI members, and third parties that it would grant irrevocable licenses to Samsung Electronics's Allegedly Standard-Essential Patents on FRAND terms and conditions.

57.    Samsung Electronics's ETSI membership and activities, including the declarations it made to comply with ETSI's IPR Policy for Samsung Electronics's Allegedly Standard-Essential Patents, created a false and misleading impression among ETSI, ETSI members (including Ericsson), and/or third parties that Samsung Electronics would license those patents on FRAND terms and conditions.

58.    In reliance on Samsung Electronics's representations, Ericsson made substantial investments in the research, design, development, manufacture, and marketing of telecommunications equipment and technology.

59.    As a result, Ericsson will be harmed materially if Samsung Electronics is permitted to assert Samsung Electronics's Allegedly Standard-Essential Patents to prevent Ericsson from importing, making, using, offering to sell and/or selling telecommunications equipment and technology.

## Counterclaim Count 22:

## Promissory Estoppel

60.    Ericsson repeats and realleges the allegations in paragraphs 256-269 of its affirmative defenses above and paragraphs 1-21 and 47-59 of its counterclaims above as though fully set forth herein.

61.    Samsung Electronics made clear and definite promises to potential licensees through its commitments to ETSI that Samsung Electronics would license the patents it has declared as essential to ETSI or 3GPP standards on FRAND terms.

62.    It was foreseeable to Samsung Electronics that Ericsson would rely on Samsung Electronics' promise to license on FRAND terms. The intended purpose of Samsung Electronics' promises was to induce reliance. Samsung Electronics knew or should have

reasonably expected that those promises would induce others to implement the ETSI and/or 3GPP standards.

63.     Ericsson developed and marketed its products and services in reliance on Samsung Electronics' promises, as described above, including making certain of its products and services compliant with ETSI and/or 3GPP standards.

64.     Thus, Samsung Electronics is estopped from breaking its promise to license the patents it has declared as essential to Ericsson on FRAND terms by the doctrine of promissory estoppel.

65.     Ericsson has been harmed as a result of its foreseeable and reasonable reliance on Samsung Electronics' promises. Ericsson has been forced to expend resources resolving disputes with Samsung Electronics, and is threatened by the loss of profits, loss of customers and potential customers, loss of goodwill and product image, uncertainty in business planning, and uncertainty among customers and potential customers.

## Counterclaim Count 23:

## Declaratory Judgment that Ericsson is Licensed to Practice Samsung's Patents

66.     Ericsson repeats and realleges the allegations in paragraphs 256-269 of its affirmative defenses above and paragraphs 1-21 and 47-65 of its counterclaims above as though fully set forth herein.

67.     On information and belief, and by way of example without limitation, Samsung's rights in one or more of the Asserted Patents are exhausted as to Ericsson and Ericsson has an express or implied license to practice one or more of those patents.

68.     Upon information and belief, Samsung has joint development agreements and/or patent cross licenses with a variety of chip suppliers that have received, among other things, certain rights related to the Asserted Patents.  Because of these and similar agreements, upon

information and belief, the sale of integrated circuits or other components by Samsung licensees to Ericsson exhausts Samsung's alleged rights under the Asserted Patents and use by Ericsson cannot infringe one or more of the Asserted Patents.

69.     Upon information and belief, Ericsson has rights arising from its use of components of Samsung licensees in certain Ericsson products.  Upon information and belief, Ericsson has an express or implied license to manufacture, use, import, and sell electronic devices incorporating licensed components under the Asserted Patents.

70.     Further, upon information and belief, under the doctrine of patent exhaustion, the purchase by Ericsson of the licensed components from Samsung licensees exhausts Samsung's alleged rights under the Asserted Patents.

71.     Ericsson has been forced to expend resources resolving this licensing dispute, and is threatened by the loss of profits, loss of customers and potential customers, loss of goodwill and product image, uncertainty in business planning, and uncertainty among customers and potential customers.

72.     Ericsson is entitled to a judgment finding that it is licensed to manufacture, use, import, and sell electronic devices incorporating components of Samsung licensed third parties and owes no royalties to Samsung on account of such manufacture, use, import, or sale.

**Counterclaim Count 24:**

**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 5,742,595**

73.     Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

74.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '595 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '595 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '595 Patent.

75.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '595 Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '595 Patent.

76.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '595 Patent, either literally or under the doctrine of equivalents.

77.     Each and every claim of the '595 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*., including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '595 Patent is invalid and/or unenforceable.

78.     Accordingly, Ericsson is entitled to a judgment finding that the '595 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 25:**

**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 6,164,129**

79.     Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

80.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '129 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '129 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '129 Patent.

81.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '129 Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '129 Patent.

82.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '129 Patent, either literally or under the doctrine of equivalents.

83.     Each and every claim of the '129 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating

thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '813 Patent is invalid and/or unenforceable.

84.     Accordingly, Ericsson is entitled to a judgment finding that the '129 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

<b>Counterclaim Count 26:</b>

<b><u>Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 6,366,570</u></b>

85.     Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

86.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '570 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '570 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '570 Patent.

87.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '570 Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '570 Patent.

88.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '570 Patent, either literally or under the doctrine of equivalents.

89.     Each and every claim of the '570 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '570 Patent is invalid and/or unenforceable.

90.     Accordingly, Ericsson is entitled to a judgment finding that the '570 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

## Counterclaim Count 27:

## Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 6,411,825

91.     Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

92.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '825 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '825 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '825 Patent.

93.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '825

Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '825 Patent.

94.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '825 Patent, either literally or under the doctrine of equivalents.

95.     Each and every claim of the '825 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '825 Patent is invalid and/or unenforceable.

96.     Accordingly, Ericsson is entitled to a judgment finding that the '825 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 28:**

**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 6,801,788**

97.     Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

98.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '788 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of

the '788 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '788 Patent.

99.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '788 Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '788 Patent.

100.    Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '788 Patent, either literally or under the doctrine of equivalents.

101.    Each and every claim of the '788 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*., including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '788 Patent is invalid and/or unenforceable.

102.    Accordingly, Ericsson is entitled to a judgment finding that the '788 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 29:**

**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 6,907,048**

103.     Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

104.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '048 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '048 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '048 Patent.

105.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '048 Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '048 Patent.

106.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '048 Patent, either literally or under the doctrine of equivalents.

107.     Each and every claim of the '048 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*., including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating

thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the
'048 Patent is invalid and/or unenforceable.

108.    Accordingly, Ericsson is entitled to a judgment finding that the '048 Patent is not
infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has
not contributed to or induced any infringement by another.

**Counterclaim Count 30:**

**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent
No. 6,941,338**

109.    Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer
and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully
set forth herein.

110.    By the filing of its Counterclaims, Samsung has purported to assert a claim
against Ericsson for alleged infringement of the '338 Patent.  Ericsson has not infringed,
contributed to infringement of, or induced infringement of any valid and enforceable claim of
the '338 Patent.  Consequently, an actual controversy exists between the parties with respect to
the infringement, validity, enforceability and scope of the '338 Patent.

111.    Ericsson has not infringed, directly or indirectly, or contributed to infringement
by another, or actively induced others to infringe any valid or enforceable claim of the '338
Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents,
of the '338 Patent.

112.    Ericsson has not willfully infringed, either directly, jointly, indirectly,
contributorily, or by inducement, any valid and enforceable claim of the '338 Patent, either
literally or under the doctrine of equivalents.

113.     Each and every claim of the '338 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '338 Patent is invalid and/or unenforceable.

114.     Accordingly, Ericsson is entitled to a judgment finding that the '338 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 31:**

**<u>Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent
No. 6,999,471</u>**

115.     Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

116.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '471 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '471 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '471 Patent.

117.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '471

Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '471 Patent.

118.    Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '471 Patent, either literally or under the doctrine of equivalents.

119.    Each and every claim of the '471 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '471 Patent is invalid and/or unenforceable.

120.    Accordingly, Ericsson is entitled to a judgment finding that the '471 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 32:**

**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 7,221,031**

121.    Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

122.    By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '031 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of

the '031 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '031 Patent.

123.    Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '031 Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '031 Patent.

124.    Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '031 Patent, either literally or under the doctrine of equivalents.

125.    Each and every claim of the '031 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*., including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '031 Patent is invalid and/or unenforceable.

126.    Accordingly, Ericsson is entitled to a judgment finding that the '031 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 33:**

**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 7,342,444**

127.     Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

128.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '444 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '444 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '444 Patent.

129.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '444 Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '444 Patent.

130.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '444 Patent, either literally or under the doctrine of equivalents.

131.     Each and every claim of the '444 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating

thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '444 Patent is invalid and/or unenforceable.

132.    Accordingly, Ericsson is entitled to a judgment finding that the '444 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 34:**

**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 7,379,478**

133.    Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

134.    By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '478 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '478 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '478 Patent.

135.    Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '478 Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '478 Patent.

136.    Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '478 Patent, either literally or under the doctrine of equivalents.

137.    Each and every claim of the '478 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '478 Patent is invalid and/or unenforceable.

138.    Accordingly, Ericsson is entitled to a judgment finding that the '478 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 35:**

**<u>Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 8,059,681</u>**

139.    Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

140.    By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '681 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '681 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '681 Patent.

141.    Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '681

Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '681 Patent.

142.   Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '681 Patent, either literally or under the doctrine of equivalents.

143.   Each and every claim of the '681 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '681 Patent is invalid and/or unenforceable.

144.   Accordingly, Ericsson is entitled to a judgment finding that the '681 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 36:**

**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 8,193,047**

145.   Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

146.   By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '047 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of

the '047 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '047 Patent.

147.   Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '047 Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '047 Patent.

148.   Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '047 Patent, either literally or under the doctrine of equivalents.

149.   Each and every claim of the '047 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*., including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '047 Patent is invalid and/or unenforceable.

150.   Accordingly, Ericsson is entitled to a judgment finding that the '047 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 37:**

**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 8,315,195**

151.    Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

152.    By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '195 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '195 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '195 Patent.

153.    Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '195 Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '195 Patent.

154.    Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '195 Patent, either literally or under the doctrine of equivalents.

155.    Each and every claim of the '195 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*., including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating

thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '195 Patent is invalid and/or unenforceable.

156.    Accordingly, Ericsson is entitled to a judgment finding that the '195 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 38:**

**<u>Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 8,331,328</u>**

157.    Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

158.    By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '328 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '328 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '328 Patent.

159.    Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '328 Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '328 Patent.

160.    Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '328 Patent, either literally or under the doctrine of equivalents.

161.    Each and every claim of the '328 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*., including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '328 Patent is invalid and/or unenforceable.

162.    Accordingly, Ericsson is entitled to a judgment finding that the '328 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 39:**

**<u>Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 8,351,380</u>**

163.    Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

164.    By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '380 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '380 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '380 Patent.

165.    Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '380

Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '380 Patent.

166.    Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '380 Patent, either literally or under the doctrine of equivalents.

167.    Each and every claim of the '380 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '380 Patent is invalid and/or unenforceable.

168.    Accordingly, Ericsson is entitled to a judgment finding that the '380 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 40:**

**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 8,498,255**

169.    Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

170.    By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '255 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of

the '255 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '255 Patent.

171.    Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '255 Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '255 Patent.

172.    Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '255 Patent, either literally or under the doctrine of equivalents.

173.    Each and every claim of the '255 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*., including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '255 Patent is invalid and/or unenforceable.

174.    Accordingly, Ericsson is entitled to a judgment finding that the '255 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 41:**

**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 8,520,499**

175.    Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

176.    By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '499 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '499 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '499 Patent.

177.    Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '499 Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '499 Patent.

178.    Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '499 Patent, either literally or under the doctrine of equivalents.

179.    Each and every claim of the '499 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*., including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating

thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '499 Patent is invalid and/or unenforceable.

180.    Accordingly, Ericsson is entitled to a judgment finding that the '499 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 42:**

**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. 8,520,656**

181.    Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

182.    By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '656 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '656 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '656 Patent.

183.    Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '656 Patent.  Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '656 Patent.

184.    Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '656 Patent, either literally or under the doctrine of equivalents.

185.    Each and every claim of the '656 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.  Ericsson is therefore entitled to declaratory judgment that each and every claim of the '656 Patent is invalid and/or unenforceable.

186.    Accordingly, Ericsson is entitled to a judgment finding that the '656 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

**Counterclaim Count 43:**

**Declaratory Judgment of Non-Infringement, Invalidity & Unenforceability of U.S. Patent No. RE44,105**

187.    Ericsson repeats and realleges the allegations in paragraphs 1-278 of its answer and affirmative defenses above, and paragraphs 1-72 of its counterclaims above as though fully set forth herein.

188.    By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '105 Patent.  Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '105 Patent.  Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '105 Patent.

189.    Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '105

Patent. Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '105 Patent.

190. Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '105 Patent, either literally or under the doctrine of equivalents.

191. Each and every claim of the '105 Patent is invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, sections 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto. Ericsson is therefore entitled to declaratory judgment that each and every claim of the '105 Patent is invalid and/or unenforceable.

192. Accordingly, Ericsson is entitled to a judgment finding that the '105 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another.

## EXCEPTIONAL CASE

193. This case is an exceptional case entitling Ericsson to an award of its reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Samsung's assertion of its Asserted Patents against Ericsson with the knowledge that the Asserted Patents are invalid and unenforceable.

## DEMAND FOR JURY TRIAL

Ericsson hereby demands a trial by jury on all issues triable by a jury alleged or relating to this litigation. *See, e.g.*, Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Ericsson respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.      Adjudge that the Defendants have infringed each of the Ericsson Patents;[5]

B.      Adjudge that the Defendants' infringement of the Ericsson Patents was willful, and that Defendants' continued infringement of the Ericsson Patents is willful;

C.      Award Ericsson damages in an amount adequate to compensate Ericsson for the Defendants' infringement of the Ericsson Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D.      Award enhanced damages by reason of the Defendants' willful infringement of the Ericsson Patents, pursuant to 35 U.S.C. § 284;

E.      Award Ericsson pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs;

F.      Enter an order finding that this is an exceptional case and awarding Ericsson its reasonable attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise;

G.      Enter an injunction enjoining Defendants, and all others in active concert with Defendants, from further infringement of the Ericsson Patents;

H.      Adjudge that Samsung Electronics' commitment to license patents they claim are essential to a standard adopted by an industry standard-setting group on FRAND terms is a binding contractual obligation, enforceable by Ericsson;

---

[5] "Ericsson Patents" refers herein to the patents Ericsson asserted in its First Amended Complaint – the '052, '359, '931, '556, '310, '917, '506, '223, '832, '215, and '992 Patents (*see* Dkt. No. 13, ¶32, realleged *supra*), as well as the patents Ericsson asserts in its counterclaims herein – the '125, '832, '078, '130, '510, '823, '990, and '710 Patents.

I.    Adjudge that Samsung Electronics' refusal to provide Ericsson a license on FRAND terms, despite its obligation to do so, is a breach of contract;

J.    Order specific performance, requiring that Samsung Electronics offer Ericsson a license on FRAND terms for any patent claim that Samsung Electronics contends or has alleged in any context is necessary to implement a standard adopted by an industry standard-setting group;

K.    Award Ericsson damages in an amount adequate to compensate Ericsson based on its breach of contract, equitable estoppel and promissory estoppel claims;

L.    Adjudge that any patent claim that Samsung Electronics contends or has alleged in any context is necessary to implement a standard adopted by an industry standard-setting group is unenforceable against Ericsson;

M.    Enter an injunction enjoining Defendants, and all others in active concert with Defendants, from enforcing any patent claim that Samsung Electronics contends or has alleged in any context is necessary to implement a standard adopted by an industry standard-setting group;

N.    Enter an injunction requiring Defendants, and all others in active concert with Defendants, to license any patent claim that Samsung Electronics contends or has alleged in any context is necessary to implement a standard adopted by an industry standard-setting group on fair, reasonable, and nondiscriminatory terms to Ericsson;

O.    Order an accounting for damages;

P.    Award a compulsory future royalty for any Ericsson Patent for which an injunction is not entered;

Q.    Award Ericsson attorney's fees based on its breach of contract, equitable estoppel and promissory estoppel claims; and

R.    Enter an Order dismissing  Samsung's Third Amended Answer & Counterclaims in its entirety with prejudice;

S.    Enter judgment declaring that Ericsson has not and does not infringe, under any theory, any asserted claim of any of Samsung's Asserted Patents;

T.    Enter judgment declaring that Ericsson is licensed to manufacture, use, import, sell and offer for sale electronic devices incorporating components of Samsung licensed third parties and owes no royalties to Samsung on account of such manufacture, use, import, sale or offering for sale; and

U.    Enter judgment declaring that each and every asserted claim of Samsung's Asserted Patents is invalid and unenforceable;

V.    Award such other relief as the Court may deem appropriate and just under the circumstances.

Dated:  November 22, 2013

Respectfully submitted,

**MCKOOL SMITH, P.C.**

By: /s/ Theodore Stevenson, III

Mike McKool, Jr.
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
P.O. Box O
Marshall, Texas 75671
Telephone: (903) 927-2111
Fax: (903) 927-2622

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a)(3)(A) on November 22, 2013.

/s/ Theodore Stevenson, III
Theodore Stevenson, III